OWEN, Chief Judge.
By petition for writ of certiorari we are asked to review a decision of the Circuit Court of Broward County, Florida, which in its appellate capacity affirmed petitioner’s conviction in the Court of Record 'in and for Broward County, Florida.
On appeal to the Circuit Court petitioner (as appellant therein) asserted that the trial court had abused its discretion in denying appellant’s right (as defendant) to call witnesses in his behalf. The record shows the following pertinent matters: Defendant had invoked the provisions of Rule 3.220(e) RCrP, 33 F.S.A., but after receiving a list of the State’s witnesses had failed to disclose his own witnesses. At trial, when defendant attempted to call one or more witnesses, the prosecutor objected. The ensuing colloquy between court and counsel out of the jury’s presence developed (1) that the defendant’s failure to furnish a witness list was a clerical oversight, (2) that the prosecutor knew at least by the day of the trial who the defendant’s prospective witnesses were, and (3) that the prosecutor acknowledged there was probably no prejudice to the State. Despite defense counsel’s request that the court recess long enough for the prosecutor to interview the witnesses and satisfy himself as to whether the State would be prejudiced by the witnesses being allowed to testify, the court declined to do so and summarily determined without more that the State necessarily would be prejudiced should any defense witnesses be allowed to testify.
The circuit court’s determination that the trial court had not abused its discretion is contrary to the principles enunciated in Williams v. State, Fla.App.1972, 264 So.2d 106; Ramirez v. State, Fla.App.1970, 241 So.2d 744; Bradford v. State, Supreme Court, 278 So.2d 624, opinion filed May 30, 1973. We conclude that in affirming the conviction the circuit court deviated from the essential requirements of law. The decision of the circuit court is quashed and this cause remanded to that court with directions to reverse petitioner’s judgment and sentence and remand the cause to the appropriate trial court for a new trial.
Reversed and remanded.
CROSS and MAGER, JJ., concur.