323 So.2d 16 (1975)
Timothy STREETER, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-491.
District Court of Appeal of Florida, Third District.
December 2, 1975.
Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Carl Schwait, Legal Intern, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*17 PER CURIAM.
Defendant seeks review of his conviction and life sentence for second degree murder on the grounds that by the exclusion of certain defense witnesses, he was denied his constitutional right to prepare and present a defense.
Defendant, Timothy Streeter, was charged with second degree murder by information filed on July 29, 1974. On this information, reciprocal discovery was invoked pursuant to RCrP 3.220. On November 7, the grand jury handed down an indictment for first degree murder against the defendant based upon the same facts alleged in the information of July 29. On November 18, the defendant appeared for trial on the information at which time the prosecution requested a nolle prosequi. The information was dismissed in order that the same case number be retained,[1] and the defendant at the same time was arraigned on the indictment.
Thereafter, the defense invoked unilateral discovery on the indictment. The cause proceeded to a jury trial and at the close of the prosecution's case the defense sought to call two witnesses, one of whom would have testified that he had observed the crime and the defendant did not commit it. The prosecution objected on grounds that they had not been supplied with the names and addresses of these witnesses although the reciprocal rules of discovery had been invoked. After hearing argument of counsel, the trial judge excluded these defense witnesses. The jury returned a verdict of guilty of second degree murder and this appeal resulted. We reverse.
The prosecution argues that although the July 29 information was dismissed, the same case number was maintained and all pleadings retained in the file and, therefore, the reciprocal rules of discovery were still in effect with regards to the indictment. The defense contends to the contrary that upon the information being dismissed, the reciprocal discovery invoked under it also terminated and did not apply to the subsequent indictment.
After an examination of the record, it becomes apparent that there was a valid misunderstanding as to whether or not, upon the dismissal of the information for second degree murder, the reciprocal rules of discovery invoked under it would still be in effect and applicable to the subsequently filed indictment for first degree murder. Further, defense counsel informed the court that the prosecution had been apprised of the existence of the defense witnesses prior to trial. We conclude that the trial judge abused his discretion in invoking the severe sanction of prohibiting the defense from calling its two witnesses instead of granting a recess and allowing the prosecutor to interview the witnesses and satisfy himself as to whether the prosecution would be prejudiced by the witnesses being allowed to testify. See Richardson v. State, Fla. 1971, 246 So.2d 771; Picot v. State, Fla.App. 1973, 280 So.2d 693 and cases cited therein.
The judgment and sentence is reversed and the cause remanded to the trial court for a new trial.
NOTES
[1] As suggested by the clerk of the circuit court.