428 So.2d 746 (1983)
Anthony T. WRIGHT and Henry Washington, Appellants,
v.
STATE of Florida, Appellee.
Nos. AM-292, AM-293.
District Court of Appeal of Florida, First District.
March 24, 1983.
*747 Warren K. Anderson, of Coxe & Anderson, Jacksonville, for appellants.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Wright and Washington appeal their convictions of burglary of a conveyance. They were tried jointly, and each received an enhanced sentence of ten years. We affirm the convictions, but find several points sufficiently novel to warrant discussion.
Appellants were arrested in a convenience store after a police officer had observed two men inside, and then running from, a trailer which was parked nearby. At the police station, they were interrogated separately by Detective Kelly. Wright was questioned first, and he told the detective that he had been visiting his brother and had met Washington at the convenience store. Kelly then interrogated Washington, who said that he had also been at Wright's brother's house before they went to the store. When confronted with Washington's statement, Wright changed his story to conform with Washington's. Kelly made a written report which contained this information. However, in spite of the defendants' request pursuant to Fla. R.Crim.P. 3.220(a)(1)(iii), that report was not furnished to defense counsel.
Defense counsel did take Officer Kelly's deposition, during which he inadvertently[1] stated that the defendants had said that they were at Washington's brother's house. During a proffer of Kelly's testimony at trial, he recounted the correct version of the defendants' statements. On cross examination, defense counsel discovered that the officer had recalled the correct version after his deposition, when he referred to his written report. Counsel informed the court that she had not received the report in spite of her request under the rule. She therefore objected to Officer Kelly's testimony, alleging surprise and prejudice. The judge agreed that the report was discoverable, but overruled the objection. Instead, he ordered the prosecutor to provide defense counsel a copy of the report and offered a recess so that she could examine it. Counsel declined and announced that she was prepared to continue.
*748 By their first point on appeal, appellants assert that the court erred in allowing Kelly to testify without first conducting a Richardson[2] inquiry. We disagree. The discovery violation here was not an affirmative misrepresentation,[3] but a failure to disclose that Kelly had made a written report of the statements soon after they were made. A remedy was afforded when the non-compliance was discovered, and there was little contradiction between Kelly's deposition testimony and the information in the report.[4] Thus:
The failure of the state to observe and comply with the rule of discovery was remedied in a manner consistent with the seriousness of the breach and the trial judge did not commit reversible error in admitting this evidence.
Zeigler v. State, 402 So.2d 365, 372 (Fla. 1981).
At the charge conference, defense counsel requested that the jury be informed that the defendants faced possible ten-year sentences because the state had filed a notice of intent to seek enhanced sentences pursuant to § 775.084, Florida Statutes. The trial judge denied the request because imposition of such sentences was contingent upon the outcome of a separate evidentiary hearing, at which the state would have to prove the applicability of § 775.084. The judge therefore instructed the jury that the crime of burglary is punishable by a maximum term of five years' imprisonment. After their convictions, the judge found that § 775.082 did apply and sentenced each defendant to ten years in prison.
Appellants argue that in failing to instruct the jury that the defendants faced the possibility of a ten-year sentence, the court violated the holding of Tascano[5] and Fla.R.Crim.P. 3.390(a). The rule provides that upon the request of either counsel
the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
Tascano held that the rule is mandatory.
Appellants contend that because the imposition of ten-year sentences was a known possibility at the time the jury was charged, the jury should have been informed of that contingency. Although Tascano has been discussed at length, we find no treatment of this specific question. There is some logic in appellants' contention, but we agree with the trial court's conclusion that the rule requires only an instruction on the statutory maximum sentence for the offense for which the accused is on trial. In our view, the rule is not dependent on the possible application of a different sentence to a particular individual.[6] However, we recognize that the question is susceptible of different resolutions and anticipate that it will rise again. Therefore, for the purpose of avoiding the confusion which existed prior to Tascano,[7] we certify the following to be a question of great public importance pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v):
Must a trial court instruct the jury of the possible imposition, for reasons personal to a defendant, of a greater sentence than that statutorily specified for a crime, when such instruction is requested pursuant to Fla.R.Crim.P. 3.390(9).
Finally, appellants argue that the trial court erred in denying their pro se *749 motions for new trial alleging ineffective assistance of counsel. The state's response to this argument is simply that it is not properly raised on direct appeal. However, the rule is that an allegation of ineffective assistance of counsel may not be raised for the first time on direct appeal. State v. Barber, 301 So.2d 7 (Fla. 1974). Thus, where allegations of ineffective assistance of counsel are sufficiently raised in a motion for new trial,[8] the denial of the motion is reviewable, as it is when the motion is grounded upon any of the other provisions in Fla.R.Crim.P. 3.600(b). In this case, however, the allegations in the motion were conclusory, lacking the specificity of the particular incidents that appellants argue here. Since the specific allegations were not presented to the trial court, the issue was not preserved, and will not be addressed here. This holding does not preclude appellants from raising the issue in appropriate post-conviction proceedings. See Sundell v. State, 354 So.2d 409 (Fla. 3d DCA 1978).
We have considered the remaining points raised by appellants, and affirm without discussion.
Affirmed.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] The record indicates that Officer Kelly did not intentionally mislead the defense. At the time of the deposition he was apparently confused about which brother the defendants said they were visiting. After the deposition, he reviewed his report, made closer in time to the defendants' statements, and recalled the correct version that was given to him.
[2] The trial court has broad discretion in determining sanctions and remedies for discovery violations, but that discretion may be exercised only after an adequate inquiry into all the surrounding circumstances is conducted. Richardson v. State, 246 So.2d 771 (Fla. 1971); Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Leeman v. State, 357 So.2d 703 (Fla. 1978); Zeigler v. State, 402 So.2d 365 (Fla. 1981).
[3] See e.g., Cumbie v. State, supra; Zeigler v. State, supra.
[4] Id.
[5] 393 So.2d 540 (Fla. 1980).
[6] But see, Brayton v. State, 425 So.2d 88 (Fla. 1st DCA 1982).
[7] Prior to Tascano, there was conflict among the district courts over whether Rule 3.390(a) was mandatory or directory. See Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980); Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978).
[8] See Fla.R.Crim.P. 3.600(b)(8).