McDONALD, Judge.
We have for review Wright v. State, 428 So.2d 746 (Fla. 1st DCA 1983), which poses the following question certified to be of great public importance:
Must a trial court instruct the jury of the possible imposition, for reasons personal to a defendant, of a greater sentence than that statutorily specified for a crime, when such instruction is requested pursuant to Fla.R.Crim.P. 3.390[ (a) ].
Id. at 748. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the question in the negative and approve the district court’s decision.
An information charged Wright and Washington with burglary of a conveyance. The jury convicted them in a joint trial, and each received an enhanced sentence of ten years in prison. On appeal they claimed that the trial court erred in refusing their request that the jury be told the maximum enhanced penalty could be ten years. The district court found that the trial court had properly refused to give the requested instruction because Florida Rule of Criminal Procedure 3.390(a) and Tascano v. State, 393 So.2d 540 (Fla.1980), require only an instruction on the statutory minimum and maximum sentences for the offense for which the accused is on trial.
We hold that rule 3.390(a) and Tascano do not require that the jury be informed of *87 a possible enhanced maximum sentence. We therefore answer the certified question in the negative and approve the district court’s decision.
It is so ordered.
ALDERMAN, C.J, and BOYD, OVER-TON, EHRLICH and SHAW, JJ., concur.