SHARP, Judge.
S.N. appeals from an order of adjudication and an order of commitment to the Department of Health and Rehabilitative *344 Services. He was charged with possession of less than twenty grams of cannabis[1] in Count I and sale or delivery of cannabis[2] in Count II. He argues that his adjudication under Count II was erroneous because the record only sustains a finding he possessed cannabis with the intent to sell it. These acts constitute a criminal charge under section 893.13, Florida Statutes (1983),[3] but these are not the ones with which he was charged by the state in its petition for delinquency. We agree.
The state argues that it proved an attempted delivery, and therefore, a delivery. Pursuant to Milazzo v. State, 377 So.2d 1161 (Fla.1979), proof of attempted delivery constitutes delivery under section 893.02(4), Florida Statutes (1983)[4] because delivery is defined as an attempt.
In this case the record established that a sales transaction was aborted before there was even an agreement on price, and there was no attempt to deliver. In Milazzo, the supreme court stated that an attempted sale does not constitute a sale. Obviously, proof of an aborted sale does not equate to an attempted delivery.
The trial court founded its adjudication under Count II as “possession with intent to sell.” Although the evidence presented would have sustained an adjudication on this count, this was not the crime with which S.N. was charged. Therefore, this adjudication cannot be sustained. Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937); Ray v. State, 403 So.2d 956 (Fla.1981); Perkins v. Mayo, 92 So.2d 641 (Fla.1957).
Accordingly, the order appealed is reversed as to Count II and this proceeding is remanded to the lower court for the purpose of considering whether commitment is proper on Count I alone, since the more serious offense charged in Count II has been eliminated.
REVERSED IN PART; REMANDED IN PART.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. § 893.13(1), Fla.Stat. (1983).

. § 893.13(l)(a)(2), Fla.Stat. (1983).

. Section 893.13(l)(a), Florida Statutes (1983) provides:
Except as authorized by this chapter and Chapter 499, It is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.

. Section 893.02(4), Florida Statutes (1983) provides:
"Deliver" or “delivery” means the actual, constructive, cr attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.