PER CURIAM.
Torres appeals his convictions and sentences on charges of first degree murder, armed robbery (two counts) and aggravated assault (two counts). With a correction of the sentences imposed, we affirm.
Torres argues, first, that the trial court erred by refusing his motion for mistrial made on the ground that the state committed a discovery violation by failing to provide copies of two witnesses’ statements. The trial court conducted an ade *336 quate Richardson hearing[1] and apparently concluded that the violation was inadvertent, trivial and nonprejudicial. Additionally, the court granted a recess to allow defense counsel time to read the statements and offered to allow cross-examination of the officer who took the statements and the witnesses who gave them. Because the trial court’s conclusions are supported by the record and the remedy offered was an adequate response to the discovery violation, we find no error. See Miller v. State, 435 So.2d 258 (Fla. 3d DCA 1983); Wright v. State, 428 So.2d 746 (Fla. 1st DCA 1983), approved on separate certified question, 446 So.2d 86 (Fla.1984); State v. Bowers, 422 So.2d 9 (Fla. 2d DCA 1982).
Torres’s second contention is that he is entitled to a new trial because the transcript of the hearing on a motion to suppress his statement is unavailable. The circumstances surrounding that statement, however, were fully addressed at trial by the only witness who testified at the suppression hearing. Furthermore, the four exhibits presented at the hearing are a part of the record. Consequently, the record is sufficient for appellate review and a new trial is not required. See Glinton v. Wille, 457 So.2d 563, 566 (Fla. 4th DCA 1984); Lipman v. State, 428 So.2d 733 (Fla. 1st DCA 1983).
Finally, Torres argues, and the state concedes, that the trial court erred in enhancing the sentences, pursuant to section 775.087(l)(c), Florida Statutes (1983), on the aggravated assault convictions. See Knight v. State, 374 So.2d 1065, 1067 n.2 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980); Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978); Butler v. State, 343 So.2d 93 (Fla. 3d DCA 1977). Accordingly, the sentences on those counts are modified by being reduced from fifteen to five years.
Affirmed as modified.

. Richardson v. State, 246 So.2d 771 (Fla.1971).