501 So.2d 1313 (1986)
Ella Nora MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. BM-32.
District Court of Appeal of Florida, First District.
December 23, 1986.
Rehearing Denied February 4, 1987.
*1314 Bradley R. Stark, Miami, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
The appellant in this case, Ella Nora Martin, appeals the trial court's denial after an evidentiary hearing of her motion for post-conviction relief. We reverse the trial court's ruling and remand for a new trial.
The record on appeal indicates that Martin was arrested on November 22, 1980, and later charged by indictment with the first-degree murder of her husband, Jimmy Martin. She was initially represented by a private attorney, Jesse J. Wolbert, Jr. However, on January 14, 1981, appellant retained a second attorney, John Pafford, and in mid-February of 1981 Wolbert withdrew as counsel and Pafford filed a notice of appearance. On February 27, 1981, after Wolbert's withdrawal, Pafford filed a lengthy motion for continuance in which he alleged that Wolbert had rendered ineffective assistance of counsel during his representation of Martin from November 22, 1980 to January 14, 1981, and that Wolbert's delay in filing a demand for discovery in the case caused Pafford to have an insufficient amount of time in which to investigate the case, depose certain witnesses, prepare a defense, and determine Martin's competence to stand trial. Pafford's motion also alleged a conflict of interest in that Wolbert had represented the deceased husband in his divorce proceedings against the appellant, and had represented a Bradford County bank which had initiated foreclosure proceedings against some of appellant's property.
The trial court denied Pafford's motion for continuance on March 2, 1981. On March 16, Pafford filed a petition for writ of certiorari and a petition for writ of prohibition with this court. Both petitions were denied for failure to state a preliminary basis for relief. After a three day jury trial on March 23 through March 25, 1981, appellant was convicted of first-degree murder and was sentenced to life imprisonment. Pafford again raised the issue of the trial court's denial of the motion for continuance and the issue of Attorney Wolbert's ineffectiveness, in both a motion for new trial filed on April 21, 1981, and in a direct appeal to this court. The motion for new trial was denied by the trial court and the direct appeal was per curiam affirmed.
In July of 1985 appellant (represented by different counsel) filed the instant motion for post-conviction relief, alleging ineffective assistance of counsel as to Attorney Pafford. Specifically, the motion alleged that Pafford erred in (1) failing to object to certain comments made during trial on Martin's right to remain silent; (2) failing to fully investigate and establish at trial both the victim's history of alcoholism, drug abuse, and violence toward appellant and the appellant's reputation and character for nonviolence; (3) failing to research and consider introduction of expert testimony regarding "battered woman syndrome"; and (4) failing to investigate and give timely notice of appellant's intention to rely upon the insanity defense. At the evidentiary *1315 hearing on the motion for post-conviction relief, the trial court denied the motion and stated its belief that the question of Pafford's competency as an attorney "as it relates to his state of preparation at the time of continuance ... was res judicata when the First District Court of Appeal rendered its affirmance in this case."
In response to Martin's first argument on appeal, we agree that the trial court erred in ruling that the issue of ineffective assistance of counsel was res judicata in this case. It is true that an issue may not be raised in a motion for post-conviction relief where it either was raised on direct appeal or should have been. Adams v. State, 484 So.2d 1216 (Fla. 1986). However, a thorough review of the record on the direct appeal leads us to the conclusion that only Attorney Wolbert's ineffectiveness was raised at that time. Thus, appellant is not precluded from raising the issue of Pafford's ineffectiveness in a 3.850 motion on the ground that that issue was raised on direct appeal. Second, although this court has held that where an allegation of ineffective assistance of counsel has been sufficiently raised in a motion for new trial, the denial of the motion is reviewable, Wright v. State, 428 So.2d 746 (Fla. 1st DCA 1983), the specific allegations of ineffectiveness raised in the instant motion for post-conviction relief were not raised in the motion for new trial. Since those allegations were therefore not presented to the trial court, they were not preserved for direct appeal. See Wright, supra. It also follows, then, that appellant was not precluded from raising those specific issues of ineffectiveness in her motion for post-conviction relief on the ground that the issue could or should have been raised on direct appeal.
Having concluded that appellant's allegations of Pafford's ineffectiveness were properly presented to the trial court via her motion for post-conviction relief, we also find that the evidence was sufficient to support a finding of ineffectiveness. As to appellant's first allegation of ineffectiveness, the trial transcript contains numerous comments by both State witnesses and by the prosecutor in closing argument directed to appellant's silence and her failure to fully explain her actions on the day of her husband's death. Due to the number of these comments and to the fact that the main thrust of the State's closing argument was the appellant's failure to explain the shooting by establishing that she had acted in self-defense, we find that the comments were not harmless error and would have formed the basis for either a mistrial or reversal had they been objected to by trial counsel. State v. Marshall, 476 So.2d 150 (Fla. 1985). Assuming as we have that the comments were not harmless error, and finding the appellant to have overcome the presumption that Pafford's failure to object was based on sound trial strategy, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 at 2066, 80 L.Ed.2d 674 (1984), we find that the evidence supports a finding of ineffective assistance of counsel for failure to object.
As we find Pafford to have rendered ineffective assistance of counsel on that ground, it is unnecessary for us to address the remaining grounds for ineffectiveness raised by the appellant. For the same reason, it is also unnecessary for us to address the third issue raised on appeal, the trial court's refusal to allow appellant's presence at the evidentiary hearing on her motion for post-conviction relief.
Accordingly, the trial court's order denying appellant's motion for post-conviction relief is reversed, and this cause is remanded for new trial.
SMITH and ZEHMER, JJ., concur.