DANIEL S. PEARSON, Judge.
This is an appeal from an adjudication of delinquency finding that the juvenile committed the offenses of burglary of a dwelling and petit theft. S.G.’s sole contention on appeal is that the trial court erred in excluding the testimony of her mother — a non-listed defense witness— without conducting an adequate inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), and progeny. We agree and reverse.
S.G. had been friends with Leticia Roney, the purported owner of the clothes and jewelry taken by the juvenile. They shared the common bond of having been runaways, and when they first met, Leticia invited S.G. to stay with her at Leticia’s apartment. Without dispute, sometime later S.G. was invited by Leticia to live in the Roney family home and indeed lived there for a short time. After a falling out with Leticia, S.G. was told not to return to the Roney home.
S.G. was charged with taking Leticia’s property from the Roney home. Her defense to the charge was that she had gone to the Roney home to retrieve items of clothing and jewelry which she had left there.[1] S.G.’s mother — the excluded witness — was prepared to corroborate her daughter’s testimony that the items taken belonged to her daughter.
In Richardson v. State, 246 So.2d 771, the Florida Supreme Court held that a trial court’s discretion with respect to a claimed discovery violation is properly exercised “only after the court has made an adequate inquiry into all of the surrounding circumstances,” and this inquiry at the very least must resolve:
“Whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.”
Richardson v. State, 246 So.2d at 775 (emphasis supplied).
Richardson’s requirements are, of course, equally applicable to discovery violations committed by the defense, Smith v. State, 372 So.2d 86 (Fla.1979); Bradford v. State, 278 So.2d 624 (Fla.1973); Streeter v. State, 323 So.2d 16 (Fla. 3d DCA 1975), and to juvenile proceedings, see, e.g., State v. R.R., 502 So.2d 1244 (Fla.1987); P.H. v. State, 489 So.2d 215 (Fla. 3d DCA 1986); H.T v. State, 458 So.2d 802 (Fla. 3d DCA 1984).
The trial court’s inquiry in the present case was clearly inadequate under Richardson. The court ascertained that there had been a discovery violation and *966 excluded the mother’s testimony solely on that basis. However, to impose sanctions “[a] trial judge must do more than simply ascertain that a discovery rule has been violated. The inquiry must involve a determination of whether the violation resulted in substantial prejudice to the opposing party.” Fedd v. State, 461 So.2d 1384, 1385 (Fla. 1st DCA 1984). Moreover, assuming arguendo that there might have been prejudice to the State (even though it was already on notice from its own witnesses of the juvenile’s defense that the items taken were her own), the sanction imposed by the trial court was disproportionate to the nature of any violation. As noted in Wilcox v. State, 367 So.2d 1020, 1023 (Fla.1979), “[prejudice may be averted through the simple expedient of a recess to permit the questioning or deposition of witnesses....” Thus, it is an abuse of discretion for a trial judge to “invokfe] the severe sanction of prohibiting the defense from calling ... witnesses instead of granting a recess and allowing the prosecutor to interview the witnesses and satisfy himself as to whether the prosecution would be prejudiced by the witnesses being allowed to testify.” Streeter v. State, 323 So.2d at 17; see also O’Brien v. State, 454 So.2d 675, 677 (Fla. 5th DCA 1984) (“Although it is within the judge’s discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when [the violation is] purposeful, prejudicial and with intent to thwart justice.”); Patterson v. State, 419 So.2d 1120, 1122 (Fla. 4th DCA 1982) (“[Ejxclusion is a severe remedy that raises very serious questions concerning the fairness of the judicial process.”). In a non-jury proceeding, as here, the failure to utilize the expedient of a recess is even less understandable.
Accordingly, because the trial court did not make the required inquiry and the essential predicate finding of prejudice, and —even assuming prejudice could be found —did not determine whether an alternative less severe than exclusion would suffice, reversal is required.[2]
Reversed and remanded.

. S.G. admitted that she proceeded into the home over objection after Leticia's sister responded to her knock on the door. Whether this constituted a trespass and, if so, whether the trial court could or would have based an adjudication of delinquency on this act alone are not before us.

. The error in failing to follow Richardson procedures is not subject to a harmless error analysis. Brown v. State, 515 So.2d 211 (Fla.1987); Smith v. State, 500 So.2d 125 (Fla.1986). We nonetheless note that the exclusion here was without doubt harmful. In the prosecutor’s words, ‘‘[T]he issue here is credibility. Who do we believe?” The prosecutor then proceeded to argue the credibility of Leticia and her sister as against the credibility of S.G.