PER CURIAM.
We reverse and remand for a new trial because the trial court failed to conduct an inquiry as to the prejudicial nature of a defense discovery violation as required by Richardson v. State, 246 So.2d 771 (Fla.1971).
The defense contended that an undercover police officer had misidentified the defendant as the man who sold cocaine to her in February 1988. The officer testified at trial that she did not notice that the cocaine seller had a gold front tooth, engraved with a “J”. However the defendant had such a tooth and his dental records documented that it was implanted two months before the incident which lead to his arrest. The dental records countered the undercover officer’s testimony and thus supported the genuine nature of the issue of the accuracy of the officer’s identification of the defendant.
Defense counsel waited until the middle of trial to produce the dental records and the trial court agreed with the state’s objection that the evidence was untimely presented. Without inquiring as to the prejudicial effect of the untimely presentation of the dental records, the trial court excluded the evidence. Richardson v. State, 246 So.2d 771 (Fla.1971) requires the trial court to conduct a hearing to determine whether a discovery violation has re-suited in substantial prejudice to the opposing party before exercising its discretion with respect to the violation. The omission of this inquiry is per se reversible error. In Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989); see also, Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982); S.G. v. State, 518 So.2d 964 (Fla. 3rd DCA 1988); Smith v. State, 372 So.2d 86 (Fla.1979) (Richardson requirements are equally applicable to discovery violations committed by the defense.) Compounding this error, the court visited the most extreme sanction on the defense without considering the appropriateness of a remedy other than exclusion of relevant evidence. See Patterson; S.G. v. State, 518 So.2d 964 (Fla. 3rd DCA 1988) (Exclusion of evidence is the most extreme sanction and should not be imposed where an alternative is available.) For these reasons, we
REVERSE and REMAND for a NEW TRIAL.
DOWNEY and WALDEN, JJ., and McNULTY, JOSEPH P., (Retired), Associate Judge, concur.