PER CURIAM.
The state appeals the trial court’s order suppressing testimony and evidence as a sanction for a discovery violation. We treat this as a petition for writ of certiorari and grant the petition. State v. Pettis, 520 So.2d 250 (Fla.1988).
Appellee was charged by information with two counts of aggravated assault on a law enforcement officer; two counts of battery on a law enforcement officer; one count of depriving an officer of means of protection and possession of cocaine. During several pretrial conferences, the state announced that it was ready for trial. At each of these conferences, appellee complained that he had not been supplied with photographs of the officer’s alleged injuries which he requested.[1] The prosecutor, Mr. Shendell, was unaware of appellee’s request since no request or demand was in the prosecutor’s file.[2] Defense counsel, however, produced a copy of his previous letter to Mr. Michael, Mr. Shendell’s predecessor on the ease, repeating the defense’s request for copies of the photographs. The trial judge expressed his displeasure with the state and after a brief recess, the trial court prohibited the state from introducing any testimony from the officers or photographs relating to any description of the alleged injuries they received. The trial judge concluded that the state’s negligence in failing to produce the photographs warranted this discovery sanction. We disagree and reverse.
In a system in which the search for truth is the principal goal, the severe sanction of evidence exclusion for failure to comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances. Davie v. State, 555 So.2d 447 (Fla. 4th DCA 1990).
In State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986), the court concluded that where the failure of the state to produce a witness is based upon negligence rather than willful noncompliance, and where the facts do not support a conclusion that the defendant’s constitutional rights have been violated, dismissal of the charges and discharge of the defendant is not an appropriate sanction.
In the instant case, the record is clear that at best the state’s handling of the case was negligent and not a willful or malicious violation in failing to supply the requested photographs. Moreover, the record does not indicate nor does appellee complain that his constitutional rights were violated.
Even if we were not to reverse on these grounds, we would still reverse because the trial court failed to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). Failure to conduct a full Richardson hearing is per se reversible error. Raffone v. State, 483 So.2d 761 (Fla. 4th DCA), cause dismissed, 491 So.2d 281 (Fla.1986).
We sympathize with the trial judge’s frustration given the expanding case loads the courts in this district face. However, the exclusion of this evidence was an extreme sanction and a departure from the essential requirements of the law. On the other hand, the state should not read this court’s opinion as tacit approval of negligence or sloppiness in providing requested discovery material, simply because successive prosecutors handle the matter at different times. Accordingly, we reverse the trial court’s order and remand for further proceedings.
HERSEY, C.J., and DELL and POLEN, JJ., concur.

. The state disclosed the existence of these photographs in its response to discovery.

. There had been three different prosecutors assigned to this case at different times.