566 So.2d 856 (1990)
Clarence COPELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 89-106.
District Court of Appeal of Florida, First District.
August 30, 1990.
Rehearing Denied October 11, 1990.
*857 Michael E. Allen, Public Defender and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
The appellant challenges his conviction of attempted first degree murder, two counts of sexual battery by use or threat to use a deadly weapon, two counts of kidnapping, and one count of robbery. The appellant raises a number of points, only two of which need to be addressed herein: 1) Whether the trial court erred in not conducting a Richardson inquiry upon notice that results of scientific tests conducted by a state's expert, which revealed the age of spermatozoa found on the victim's vaginal swab, were not disclosed to the appellant during discovery, and 2) whether the trial court erred in allowing the witness to testify as to the age of the spermatozoa where there was insufficient predicate established for the admission of said evidence. We find that there is merit to both of these contentions and we, therefore, reverse.
The victim, who is a newspaper carrier, and her young daughter were abducted in the early morning hours of April 19, 1988. A man carrying what appeared to be a firearm forced the victim to drive her car to a dirt road. The man committed several acts of sexual battery on the victim. The incident culminated when the man stabbed the victim numerous times and left in her car. The car was found later that day with the child, who was unharmed. The victim was transported by the police to the hospital.
The principal issue before the trial court was the identity of the perpetrator.
Appellant challenges the admission of the results of certain tests on vaginal swabs obtained from the victim, performed by Suzanne Livingston, an FDLE senior crime laboratory analyst. The results of the tests would indicate that the appellant was among the 16 percent of the black population who could have been the perpetrator.
At the hospital, the victim told a doctor that she did not think that her assailant had ejaculated. The emergency room physician collected vaginal swabs from the victim, and both he and the pathologist at the hospital indicated that the swabs did not contain spermatozoa.
The FDLE crime laboratory analyst, using a more sophisticated microscope, detected the presence of spermatozoa on the vaginal swab. Based upon examination and tests, the analyst was able to determine that the donor of the semen was a secretor and had type B blood. Both the appellant and the victim's husband fit the description.
The victim and her husband had sexual relations approximately 48 hours prior to the taking of the swab. Over objection, the crime laboratory analyst testified that based on the condition and age of the semen it was her opinion that the semen had been placed there more recently than 48 hours, and, therefore, she excluded the victim's husband as the donor of the sperm. At the time of the testimony, the only objection raised by the defense related to the expertise of the witness to render an opinion on this subject.
The next morning, prior to any further testimony being taken, the defense raised further objections to the testimony concerning the age of the sperm. One objection was that there was a lack of "any predicate in the law of this state for the admissibility of such an opinion, much less as the opinion of a forensic serologist." *858 The other objection concerned a potential discovery violation:
MR. ELLIS (defense attorney): Furthermore, Your Honor, I traveled to Tallahassee and took her deposition, and I asked her what if the husband's blood type was the same as this defendant's, would she not be able to exclude him. And she led me to believe that was the case. And now she's surprised me with this sudden research of hers. She never mentioned that in her deposition. That's the other thing. I had no way of preparing for it. I could have had a urologist here to tell us that this lady is way beyond any known science. But I was misled on that, and that's the part that really frustrates me.
The trial judge overruled both objections.
Where a trial court is reasonably apprised of a discovery violation, the court must conduct a full inquiry into all of the surrounding circumstances. Raffone v. State, 483 So.2d 761 (Fla. 4th DCA 1986). There are no exact "magic words" or phrases which must be used by the defense in order to necessitate the inquiry but only the fact that a discovery request has not been met. Raffone v. State, supra; In the Interest of F.R., a child, 539 So.2d 588 (Fla. 1st DCA 1989). Nor is the specific timing of an objection critical when it is determined that a discovery violation has occurred and it is necessary to conduct an inquiry. Wilcox v. State, 367 So.2d 1020 (Fla. 1979). Failure to conduct a full hearing in accordance with Richardson v. State, 246 So.2d 771 (Fla. 1971), constitutes per se reversible error. Cumbie v. State, 345 So.2d 1061 (Fla. 1977).
Pursuant to discovery rules, the state is under a continuing duty to disclose:
Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons. Rule 3.220(b)(1)(x), Fla.R.Crim.P.
The alleged failure to comply with this section concerning scientific tests has been held to be sufficient to prompt a Richardson inquiry. Raffone v. State, 483 So.2d 761 (Fla. 4th DCA 1986); Lee v. State, 538 So.2d 63 (Fla. 2nd DCA 1989).
In the instant case, notice of the alleged discovery violation was sufficient to prompt the necessity for a full Richardson inquiry. The judge was placed on notice by objection of allegations that: 1) A scientific test or comparison had taken place by an agency of the state, 2) the defendant had not previously been apprised of the results, 3) the defendant had been misled, 4) the defendant was surprised, and 5) the defendant's ability to prepare was hampered. The facts were sufficient to alert the trial judge to the necessity to perform a Richardson inquiry. Since such an inquiry was not performed and the failure to do so is per se reversible error, we must reverse for a new trial.
Appellant also asserts that there was insufficient evidence of acceptance in the scientific community and reliability related to the test for the age of spermatozoa. The supreme court has determined that evidence of new scientific methods may be introduced only after a proper predicate has been presented to establish reliability. Ramirez v. State, 542 So.2d 352 (Fla. 1989). The predicate is that the reliability of the test or method be "recognized and accepted by scientists or that the demonstration pass from the state of experimentation to that of reasonable demonstrability." DeLap v. State, 440 So.2d 1242, 1247 (Fla. 1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984). The supreme court recently readopted this test in Stokes v. State, 548 So.2d 188 (Fla. 1989).
There has been no showing that the "spermatozoa age test" offered by the state has been generally accepted by the courts of this state. The state presented no evidence to the trial court of general acceptance by the scientific community. The only evidence presented was of noncontrolled experimentation by the crime analyst. This evidence was insufficient to establish reliability. In light of the fact that evidence of this test was the same evidence which was the subject of the discovery violation which mandates reversal, *859 it is unnecessary for us to determine whether the objection as to scientific reliability was properly preserved for appeal. We addressed this issue to provide guidance to the trial court during retrial.
Accordingly, we reverse and vacate the convictions with directions to grant a new trial.
WIGGINTON and BARFIELD, JJ., concur.