PER CURIAM.
The respondent, A.C., appeals his adjudication of delinquency and seeks a new adjudicatory hearing based on the trial court’s exclusion of the correspondent’s testimony at the hearing. We reverse.
The trial court granted the corespondent’s motion for a judgment of acquittal. After the respondent had testified on his own behalf, the respondent’s counsel announced his intention to call the corespondent as a witness. The respondent’s counsel proffered that the corespondent would corroborate the respondent’s version of the disputed events which formed the basis for the charges in the case. The court immediately responded that the state should have had the right to know ahead of time that the corespondent was going to testify. The respondent’s counsel suggested that there were alternatives to exclusion, such as a recess to give the state an opportunity to depose the corespondent. The state, however, argued that it would be prejudiced by the corespondent’s testimony.
The court ruled that the corespondent could not testify because he had not been included in discovery.
The respondent filed this appeal contending that the trial court erred in excluding the corespondent as a defense witness without making a full inquiry into the alleged discovery violation by the respondent. We agree.
Respondent’s counsel did not list the corespondent as a witness as required by Rule 8.770(a)(2)(i) of the Florida Rules of Juvenile Procedure (1989) and, thereby, committed a discovery violation. However, before excluding the testimony, the trial court should have conducted an adequate hearing as required by Richardson v. State, 246 So.2d 771 (Fla.1971). The trial court erred because it ascertained that there had been a discovery violation and excluded the cor *73 espondent’s testimony solely on that basis. See S.G. v. State, 518 So.2d 964 (Fla. 3d DCA 1988).
[I]t is an abuse of discretion for a trial judge to ‘invok[e] the severe sanction of prohibiting the defense from calling ... witnesses instead of granting a recess and allowing the prosecutor to interview the witnesses and satisfy himself as to whether the prosecution would be prejudiced by the witnesses being allowed to testify.’
S.G., 518 So.2d at 966 (quoting Streeter v. State, 323 So.2d 16, 17 (Fla. 3d DCA 1975)). “In a non-jury proceeding, as here, the failure to utilize the expedient of a recess is even less understandable.” S.G., 518 So.2d at 966.
Accordingly, since the trial court did not make the required inquiry and did not determine whether an alternative less severe than exclusion would suffice, the respondent’s adjudication of delinquency is reversed.
Reversed and remanded for a new adjudicatory hearing.