573 So.2d 1075 (1991)
Tyrone WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0393.
District Court of Appeal of Florida, Fourth District.
February 13, 1991.
Richard L. Jorandby, Public Defender and Joseph S. Shook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the conviction and sentence of appellant and remand for a new trial because of the trial court's failure to conduct an adequate hearing regarding discovery violations by the state involving three photographs. Richardson v. State, 246 So.2d 771 (Fla. 1971). In State v. Hall, 509 So.2d 1093 (Fla. 1987) the supreme court discussed the necessary element of a Richardson hearing and stated:
At a minimum the scope of this inquiry should cover such questions as whether the state's violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, whether the violation affected the defendant's ability to prepare for trial.
State v. Hall, 509 So.2d 1093, 1096 (Fla. 1987). The trial court's review did not adequately inquire into all of these areas as to two of these photographs, and the trial court held no inquiry at all with respect to a third photograph.
Furthermore, the inquiry which was made supports appellant's claim of prejudice. In this case the entire defense was based on mistaken identity. The photographs which were not revealed to defense counsel until trial were fatal to that defense. In Raffone v. State, 483 So.2d 761 (Fla. 4th DCA 1986), cause dismissed, 491 So.2d 281 (Fla. 1986), this court held that a "claim of prejudice is not barred where reasonable diligence would not have lead to discovery of the evidence." In looking at the facts of the instant case in light of that pronouncement, we note that the trial court reasoned that defense counsel should have discovered the photographs in question when it took the deposition of one of the officers who had possession of two of these photos. However, the attorney had asked for all of the reports and evidence to be used at trial, and these photographs were not produced. None of the officer's reports indicated the existence of the photographs. Thus the trial court's conclusion that defense counsel should have discovered the exhibits is not supported by the record. Therefore, in line with Raffone, we hold that the defense claim of prejudice is not barred.
A trial court's failure to hold a complete inquiry is a per se reversible error to which there is no harmless error exception. Smith v. State, 500 So.2d 125 (Fla. 1986); State v. Hall. Consequently, we have no choice but to reverse and remand for a new trial.
LETTS, WARNER and POLEN, JJ., concur.