PER CURIAM.
The respondent Z.B. appeals an adjudication of delinquency for two counts of battery upon a school board employee on public school property. We agree with the respondent’s contention that the state failed to establish that the two batteries, which the respondent allegedly committed against two school board employees, took *1357 place “on school property” as required by Section 231.06(2), Florida Statutes (1989), and as alleged in the delinquency petition below. The evidence at trial tended to show that the alleged batteries took place on the public sidewalk in front of South Miami Middle School; the respondent had just gotten off the school bus and was on the sidewalk, which school officials monitor, when the alleged batteries occurred. We conclude that the alleged batteries did not occur “on school property” within the meaning of the above statute, and that, accordingly, the trial court erred in failing to reduce the charges herein to two counts of simple battery. See S.N. v. State, 463 So.2d 343, 344 (Fla. 5th DCA 1985); cf. State v. Mitchell, 486 So.2d 63 (Fla. 4th DCA 1986); Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978).
Beyond that, the trial court also erred in improperly excluding a defense witness from testifying at trial without conducting an adequate Richardson inquiry. Richardson v. State, 246 So.2d 771 (Fla.1971). After being notified by the state that the defendant was guilty of a discovery violation in not disclosing the identity of a defense witness to the state until the day of trial, the trial court made no effort to find out what this witness was prepared to testify to and made no inquiry. or finding as to whether the discovery violation resulted in any prejudice to the state; this in itself was reversible error. Moreover, the trial court erroneously imposed the extreme sanction of exclusion upon concluding that a discovery violation had occurred, without exploring other remedies— such as a brief recess to allow the state to interview or depose the witness — which might have cured whatever prejudice, if any, the state had suffered; this also was reversible error. S.G. v. State, 518 So.2d 964 (Fla. 3d DCA 1988); see Smith v. State, 372 So.2d 86 (Fla.1979); Wilcox v. State, 367 So.2d 1020, 1023 (Fla.1979); Fedd v. State, 461 So.2d 1384, 1385 (Fla. 1st DCA 1984); Streeter v. State, 323 So.2d 16, 17 (Fla. 3d DCA 1975).
The delinquency adjudication under review is reversed and the cause is remanded for a new trial on two counts of simple battery.
Reversed and remanded.