PER CURIAM.
D.R. was charged by petition with aggravated battery for allegedly shooting one Arthur Dotson in the head on August 29, 1990. During an adjudicatory hearing, the victim testified for the state and stated that D.R. shot him in the back of the head. The assistant state attorney asked Dotson if he remembered giving a statement to an officer or detective after the incident occurred. Defense counsel objected and argued that this statement had never been disclosed to the defendant.
At first, the trial court let the victim testify only as to the fact of giving the statement. Later, however, the state started to elicit the substance of the statement. Defense counsel renewed his objection and then requested a Richardson hearing. The court overruled the objection and refused to conduct the hearing. D.R. was subsequently placed in an H.R.S. Commitment Program. This appeal follows.
In Richardson v. State, 246 So.2d 771, 775 (Fla.1971), the Florida Supreme Court held that an alleged violation of discovery rules by the state requires a trial court to make “an adequate inquiry into the surrounding circumstances” in an effort to determine whether the noncompliance resulted in harm or prejudice to the defendant. Quoting from Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970), the court directed that such an inquiry should “undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.”
The court later elaborated on the extent of the Richardson inquiry:
The purpose of a Richardson inquiry is to ferret out procedural, rather than substantive, prejudice. In deciding whether this type of prejudice exists in a given case, a trial judge must be cognizant of two separate but interrelated aspects. First, the judge must decide whether the discovery violation prevented the defendant from properly preparing for trial.
*328 Wilcox v. State, 367 So.2d 1020, 1023 (Fla. 1979). Without a Richardson inquiry, a court is in no position to make an accurate judgment as to whether the evidence could have been excluded before trial, or whether it was subject to rebuttal, or whether it had no bearing on the defense at all. Id.
The second aspect of procedural prejudice deals with the proper sanction to invoke for a discovery violation. Sanctions range from just calling a recess, to an order to comply, to exclusion of evidence, or even declaring a mistrial. Absent a Richardson hearing, a court is left to speculate as to the proper course to pursue. Id.
The circuit court in this case failed to conduct the Richardson hearing. Thus, it was in no position to make an accurate judgment as to whether the evidence prejudiced the defendant. See Smith v. State, 500 So.2d 125 (Fla.1986). In Smith, the supreme court reasoned that “[o]ne cannot determine whether the state’s transgression of the discovery rules has prejudiced the defendant (or has been harmless) without giving the defendant the opportunity to speak to the question.” In addition, because there was no Richardson inquiry, the lower court was unable to determine what sanctions, if any, should be imposed against the state. See Donahue v. State, 464 So.2d 609, 611 (Fla. 4th DCA 1985) (“The requirement to hold a Richardson hearing reinforces the discovery rules and encourages full compliance. It would be counterproductive to disregard the cause of a discovery violation.”).
The state contends on appeal that the defendant was aware of the existence of the statement Dotson gave to the police because it was mentioned during a waiver hearing less than one month before trial. It also points out the substantial evidence against the defendant. The state then argues that any error was harmless.
The state’s arguments must fail. The fact that the existence of the statement was previously revealed to the defendant does not mean that the state complied with the discovery rules. According to Rule 3.220(b)(1)(ii), Florida Rules of Criminal Procedure, the state had an affirmative duty to (1) disclose to defense counsel the existence of Dotson’s statement; and (2) allow him to inspect, copy, test and photograph the statement. This the state failed to do. Whether the existence of the statement was later revealed at the waiver hearing does not alter the Richardson inquiry requirements when a discovery violation has been alleged.
The fact that there was substantial evidence pointing to the defendant’s guilt is also unavailing. The Florida Supreme Court has held that failure to conduct a Richardson hearing is per se reversible error. Brown v. State, 515 So.2d 211 (Fla. 1987); see also State v. Kerr, 562 So.2d 840 (Fla. 4th DCA 1990).
Moreover, the supreme court has resisted attempts to apply harmless error review to Richardson violations. See Cumbie v. State, 345 So.2d 1061, 1062 (Fla.1977) (“No appellate court can be certain that errors of this type are harmless.”); see also Smith v. State, 500 So.2d 125 (Fla.1987) (failure to conduct Richardson inquiry not subject to harmless error review).[1] In Brey v. State, 382 So.2d 395, 398 (Fla. 4th DCA 1980), this court was presented with a record which revealed “the existence of overwhelming evidence against the defendant.” However, the court rejected a harmless error analysis, stating that the Florida Supreme Court “has in effect held that the harmless error rule cannot be applied to Richardson errors and that such errors are reversible as a matter of law.” Id. at 399. Accord *329 Walker v. State, 573 So.2d 1075 (Fla. 4th DCA 1991) (“A trial court’s failure to hold a complete inquiry is a per se reversible error to which there is no harmless error exception.”).
Because the trial court failed to conduct the Richardson hearing, the Order of Commitment to HRS must be REVERSED and the cause REMANDED for a new hearing.
GLICKSTEIN, C.J., and POLEN and FARMER, JJ., concur.

. A recent Florida Supreme Court case dealing with the Richardson hearing, Brazell v. State, 570 So.2d 919 (Fla.1990), held that “before it can be said that reversible error has automatically occurred because no inquiries were made, there must be a clear showing of the need for a Richardson hearing." This decision does not change the outcome in the present case. Defense counsel here alerted the trial court to a possible discovery violation, objected to the testimony, and specifically requested a Richardson hearing. The circumstances indicated a clear showing of the need for a Richardson hearing to resolve the dispute. Compare Longo v. State, 580 So.2d 212 (Fla. 4th DCA 1991) (no Richardson violation where defense counsel failed to object and no discovery violation was alleged).