PER CURIAM.
This is an appeal by the respondent W.D. from adjudications of delinquency for grand theft and resisting arrest without violence. We reverse and remand for a new trial upon a holding that the trial court committed reversible error in failing to conduct a Richardson hearing after the arresting officer testified to an oral statement made by the respondent, which statement had not previously been disclosed during pretrial discovery.
Contrary to the state’s argument, the respondent clearly objected to the admission of such statement and raised as one of the grounds therefor that there had been a “discovery violation” with respect to the statement (T. 18-19). At that point, the trial court was obliged to conduct an inquiry as to whether there had been a discovery violation as claimed, and if so, whether the violation was intentional or negligent, whether the violation was substantial or not, and whether the ..violation prejudiced the respondent in the preparation of his defense; failure to conduct such a Richardson hearing was per se reversible error. Moreover, the trial court’s ruling that the discovery violation objection was untimely cannot be accepted. The objection was made immediately after the brief oral statement was blurted out by the police officer at trial and could not have been interposed prior thereto as there was no advance indication that such a statement was about to be adduced; indeed, the revelation of such statement was allegedly a total surprise to the respondent. Brazell v. State, 570 So.2d 919 (Fla.1990); Brown v. State, 515 So.2d 211 (Fla.1987); Smith v. State, 500 So.2d 125 (Fla.1986); Wilcox v. State, 367 So.2d 1020, 1022 (Fla.1979); Castor v. State, 365 So.2d 701, 703 (Fla.1978); Rich *657 ardson v. State, 246 So.2d 771 (Fla.1971); R.W. v. State, 591 So.2d 1161 (Fla. 3d DCA 1992); D.R. v. State, 588 So.2d 327 (Fla. 4th DCA 1991); M.H. v. State, 583 So.2d 442 (Fla. 3d DCA 1991); In re F.R., 539 So.2d 588 (Fla. 1st DCA 1989).
The final adjudications of delinquency under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.