364 So.2d 870 (1978)
Robert TRAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. KK-359.
District Court of Appeal of Florida, First District.
December 5, 1978.
Michael J. Minerva, Public Defender, and Charles J. Kahn, Asst. Public Defender, for appellant.
*871 Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Travis pleaded nolo contendere to a charge of escape, reserving his right to appeal and to urge that the trial court erroneously denied his motion for discharge under the speedy trial rule, Fla.R.Crim.P. 3.191(b)(1). We hold the motion for discharge should have been granted and, accordingly, we reverse Travis' conviction.
Travis was confined in a state correctional institution until his escape on June 5, 1977. On June 8, 1977, Travis was arrested as an escapee. An information charging escape was filed March 28, 1978. Travis filed his motion for discharge June 9, 1978 alleging he had been continuously available for trial since his arrest on June 8, 1977. At the hearing on Travis' motion, the State argued that since the state attorney had not been aware of Travis' recapture until shortly before the time the information was filed, the speedy trial period did not commence until the information charging escape was filed. Further, it was stipulated that the crime charged was a felony not involving violence.
Under Fla.R.Crim.P. 3.191(b)(1), a prisoner charged with a nonviolent felony is entitled to be brought to trial within one year. The rule provides "[t]he period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, ... ." Herein, the speedy trial period commenced June 8, 1977. Travis was recaptured on that date and the arrest report reflects a charge of escape. The State had one year from that date in which to bring Travis to trial. The State presented no evidence tending to show Travis' nonavailability for trial. Fla.R.Crim.P. 3.191(e). The State's lack of knowledge concerning Travis' recapture might have constituted an exceptional circumstance as set forth in Fla. R.Crim.P. 3.191(f). However, there was no order of the court granting an extension of the speedy trial period. Accordingly, an extension of time can not be presumed. Stuart v. State, 360 So.2d 406 (Fla. 1978). Since Travis was not brought to trial within one year from the date he was taken into custody as a result of the subject conduct, he was entitled to discharge under the speedy trial rule. Travis' conviction is reversed with directions that he be discharged from the charge of escape.
BOYER, Acting C.J., and MILLS and BOOTH, JJ., concur.