OTT, Judge.
Appellee escaped from the Hendry County jail on January 6, 1978 while awaiting sentencing on a robbery charge. The next day, January 7, he was arrested in Palm Beach County and returned to the Hendry County jail. No formal charges were placed against the appellee at the time of his recapture. On January 19, 1978 an information was filed charging him with escape and three other crimes he allegedly committed during his brief freedom: burglary of a structure, battery and petit theft.
Eventually on November 30, 1978, appel-lee was formally served with the information and booked on all four charges. On his motion filed February 6, 1979 the court below forever discharged him from all four crimes under the speedy trial rule, Fla.R. Crim.P. 3.191(b)(1). The trial court founded its order on the ground that the one year period specified by the rule commenced to run when appellee was recaptured on January 7, 1978.
The circuit court considered Travis v. State, 364 So.2d 870 (Fla.1st DCA 1978) as controlling. We disagree because Travis involved only a charge of escape, and our sister court properly held that the time within which trial on that charge must commence began to run when the defendant was recaptured. There is absolutely no warrant for extending that umbrella of immunity to crimes which an escapee commits *611 before recapture. A serious miscarriage of justice could occur in situations where the authorities who arrest (or recapture) the escapee are not aware of such crimes, or at least of the escapee’s involvement in them.
Fla.R.Crim.P. 8.191(b)(1) provides that the time for trial begins to run, for those who are imprisoned at the time an indictment or information is filed, when the defendant is arrested for the conduct in question, or when the charge is filed, whichever is earlier. The record which was before the circuit court (and now before us) is silent as to the charge or charges on which appellee was apprehended in Palm Beach County on January 7, 1978. Since he was returned to the county jail from which he escaped, we think it quite obvious he was taken into custody because of the escape. The trial court therefore properly held the speedy trial time commenced to run on the escape charge. It was error, however, for the court to assume that he was taken into custody at that time for the other three crimes.
We now face the fact, however, that under any circumstances trial time began to run no later than January 19, 1978 — the date the information was filed. State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976). If the one year period specified by Rule 3.191(b)(1) applies, it had well passed when the appellant filed his motion for discharge and the trial court entered its order.
None of the four crimes charged in the information filed January 19, 1978 is either a capital offense or noncapital felony of the type inherently involving violence. Therefore, the one year period would apply.
Accordingly, the order is affirmed.
BOARDMAN, Acting C. J., and RYDER, J., concur.