NIMMONS, Judge.
Strickland entered a plea of nolo conten-dere to the offense of escape reserving the right to appeal an order denying his motion for discharge under the Speedy Trial Rule. We reverse the trial court’s denial of the motion for discharge.
Strickland escaped from the Lawtey Correctional Institution on May 4, 1982. According to an arrest report, which was completed and signed by a Putnam County Deputy Sheriff and which was received in evidence at the hearing on the motion for discharge, Strickland was arrested on May 4,1982, by the deputy on a charge of escape under Section 944.40, Florida Statutes. No evidence was offered purporting to question the accuracy of the arrest report.
An information for escape was filed on June 8, 1982, and a capias was served on July 12, 1982. On November 5, 1982, Strickland filed his motion for discharge claiming entitlement to discharge. The trial court denied the motion on the grounds that the 180-day speedy trial period did not *935 commence to run until July 12 when the capias was executed.
Fla.R.Cr.Pr. 3.191(a)(1) provides in pertinent part:
The time periods established by this section shall commence when such person is taken into custody as defined under (a)(4).
Section (a)(4) of the Rule defines “custody”:
For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.
It is clear from the facts in this case that Strickland on May 4,1982, was “arrested as a result of the conduct or criminal episode which gave rise to the crime charged.” There is no special provision or exception contained in the Speedy Trial Rule covering escapees. Strickland was, therefore, required to be tried within 180 days from May 4, 1982. Since he was not, he was entitled under the Rule to discharge from the escape offense. See Travis v. State, 364 So.2d 870 (Fla. 1st DCA 1978).
The State urges as an alternative ground for denial of Strickland’s motion that he was not available when the case was called for trial on October 25, 1982. At the hearing, defense counsel vigorously contested the prosecutor’s representation that the Strickland case was on the court’s October 25 trial calendar and that it had to be continued because of the defendant’s unavailability on that date. The contrary recollections of defense counsel and the trial judge were borne out by the Clerk’s court calendar for October 25 showing that the Strickland case was not in fact on the calendar that day.
Finally, the State asserts that Strickland, in effect, waived his rights under the Speedy Trial Rule by reason of his offering no objection to the court’s granting the State’s motion for continuance of the trial which had been scheduled for September 13, 1982. Although a defendant’s motion for continuance has been held to constitute a waiver of the 180-day provision of the Speedy Trial Rule, e.g. Butterworth In and For Broward County v. Fluellen, 389 So.2d 968 (Fla.1980); State v. McCrery, 429 So.2d 739 (Fla. 1st DCA 1983), no such automatic waiver is recognized where the State moves for continuance. Here, the trial court neither specifically ordered an extension of the speedy trial period nor made any express finding that exceptional circumstances existed which would justify entry of such an order. See State v. Burris, 424 So.2d 128 (Fla. 1st DCA 1982); Brunson v. State, 422 So.2d 956 (Fla. 1st DCA 1982).
Accordingly, we reverse and remand to the trial court for the entry of an order vacating judgment and sentence and discharging appellant.
Reversed and remanded.
ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.