ORFINGER, Chief Judge.
Defendant appeals from a denial of his motion for discharge on speedy trial grounds, following a plea of nolo conten-dere in which he reserved for appeal the denial of his dispositive motion. We affirm.
Defendant was a prisoner at Marion Correctional Institution in Marion County, Florida when he escaped from there on August 12, 1980. A capias was issued for his arrest on August 29, 1980. Defendant *1062 was arrested in Georgia on January 12, 1982 on Georgia charges. The record discloses that on May 12, 1982 he was transferred from Camilla, Georgia to Apalachee Correctional Institution in Sneads, Florida, and that the following day, he was transferred to Baker Correctional Institution at Olustee, Florida. There is nothing in the record to show the disposition of the Georgia charges or the reason for his transfer to Florida. The record is clear, however, that no one notified Marion County officials that defendant was back in Florida.
In September of 1982, defendant had a parole interview and was informed that the escape charge was still pending. Defendant wrote a letter to the Clerk of the Court in Marion County to inquire about the status of the escape charge. On November 4, 1982, defendant was served with the August 29, 1980 capias at Baker Correctional Institution and the following day was booked into the Marion County Jail.
In his motion for discharge, defendant contends that speedy trial time began to run on his escape charge when he was returned to Florida on May 12, 1982. If he is correct, then the motion for discharge should have been granted because he was not brought to trial on the escape charge within 180 days of that date.[1] On the other hand, the State contends that under the facts here, the time did not begin to run until November 4, 1982, when defendant was served with the capias on the arrest charge.
Florida Rule of Criminal Procedure 3.191(a)(1) states that every person charged with a crime by indictment or information shall without demand be brought to trial within 180 days if the crime charged is a felony. That section of the rule also provides that the time period established by the speedy trial rule commences when a defendant is taken into custody. “Custody” is defined in Florida Rule of Criminal Procedure 3.191(a)(4) as follows:
For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.
As applied to persons confined to jail outside of Florida, Rule 3.191(b) now provides:
A person who is in Federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons, the time period under (a)(1) commences on the date the last act required under this section occurs....
Jess was in a Georgia jail on Georgia charges. There is nothing in the record to indicate that Jess was returned to Florida because of the escape charge. On the contrary, the record is much more susceptible of the inference that he was returned to complete his unserved sentence. He was not returned to Marion County from where he had escaped, but was returned to Apala-chee in Jackson County, and the next day was sent to Baker in Baker County, as part of the general prison population. Marion County officials were not aware of the fact that Jess had been returned to Florida until they received a communication from him inquiring about the escape charge, following which they served the outstanding capi-as and took him into custody on that charge. At the earliest therefore, speedy trial began to run here when the capias was served on Jess and he was taken into custody on this charge. Because 180 days had not elapsed between that date and the *1063 time Jess filed his motion for discharge, the trial court correctly denied the motion.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. The State agrees that there were no circumstances which tolled the running of speedy trial time, if the time started to run when defendant contends it did.