PER CURIAM.
The defendant Willie L. Little appeals a judgment of conviction and sentence for the offense of escape [§ 944.40, Fla. Stat.(1983)] entered against him after a jury trial below. He raises four points on appeal, one of which is dispositive of the case. He contends, and we agree, that the trial court erred in denying his motion to discharge for failure to bring him to trial *1166 within 180 days of his arrest, in violation of Fla.R.Crim.P. 3.191(a)(1). We accordingly reverse.
On August 21,1981, the defendant Little, pursuant to a daytime work release program, was permitted to leave Beckham Hall Community Center in Dade County, Florida, where he was serving a prison sentence for robbery; he failed to return to Beckham Hall that night as required. On August 29, 1981, the defendant was arrested in Dade County for this escape, as well as for a petit theft allegedly committed after he escaped from Beckham Hall. Under Fla.R.Crim.P. 3.191(a)(1), he was required to be tried on the escape charge within 180 days of his arrest. Without dispute, the defendant was not tried within 180 days of August 29, 1981, due to no fault on his part as he was available for trial during this entire time. He should have been discharged by the trial court under Fla.R.Crim.P. 3.191(a)(1) upon proper motion filed below by the defendant. Strickland v. State, 435 So.2d 934 (Fla. 1st DCA), pet. for review denied, 441 So.2d 633 (Fla.1983); State v. McKenzie, 375 So.2d 610 (Fla. 2d DCA 1979); Travis v. State, 364 So.2d 870 (Fla. 1st DCA 1978).
The state argues that the defendant was not taken into custody for purposes of the speedy trial rule until April 27, 1982, when the defendant was formally served with a fugitive warrant on the escape charge while in custody serving his prison sentence for robbery. We disagree. Fla.R. Crim.P. 3.191(a)(4) provides as follows:
“For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.”
Plainly, the defendant was arrested as a result of his escape from Beckham Hall when he was apprehended in Dade County on August 29, 1981. There is no requirement under the above rule that an arrest is not effective until a formal warrant, as here, is subsequently served upon the defendant.
The judgment of conviction and sentence under review is reversed and the cause is remanded to the trial court with directions to discharge the defendant from the cause.