515 So.2d 211 (1987)
Willie A. BROWN, Appellant,
v.
STATE of Florida, Appellee.
Larry TROY, Appellant,
v.
STATE of Florida, Appellee.
Willie A. BROWN and Larry Troy, Appellants,
v.
STATE of Florida, Appellee.
Nos. 64802, 64803 and 69427.
Supreme Court of Florida.
November 12, 1987.
Philip J. Padovano, Tallahassee, and Patrick D. Doherty, Clearwater, for Willie A. Brown.
Steven L. Bolotin, Office of Public Defender, Bartow, for Larry Troy.
Robert A. Butterworth, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for State.
*212 PER CURIAM.
We have for review the first-degree murder convictions and death sentences of Willie A. Brown and Larry Troy. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Union Correctional Institution inmates Brown and Troy were placed in administrative confinement shortly after fellow inmate Earl Owens was stabbed to death in his cell in 1981. Seventeen months later, the state obtained indictments against Brown and Troy for first-degree murder. A jury found Brown and Troy guilty and recommended death. The court imposed the recommended sentence after finding four aggravating circumstances and nothing in mitigation. Brown and Troy filed petitions for coram nobis relief with the trial court, alleging jury misconduct during deliberation. See Brown v. State, 485 So.2d 413 (Fla. 1986). The trial court took evidence, found the allegations unsubstantiated, and discharged the petition.
Brown and Troy argue that the allegedly overlong period of time between their administrative confinement and trial violated their speedy trial rights under Florida Rule of Criminal Procedure 3.191, and the Florida and United States Constitutions. Florida's speedy trial rule is triggered "when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged." F.R.Cr.P. 3.191(a)(4). The elements of a technical arrest are:
(1) [a] purpose or intention to effect an arrest under a real or pretended authority; (2) [a]n actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) [a] communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and (4) [a]n understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
Melton v. State, 75 So.2d 291, 294 (Fla. 1954). Brown and Troy argue that their administrative confinement was tantamount to an arrest for the purposes of rule 3.191. We disagree. The United States Supreme Court has explained why arrest is a significant triggering event for speedy trial purposes.
Inordinate delay between arrest, indictment, and trial may impair a defendant's ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends... . So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.
United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). We agree with the Eleventh Circuit Court of Appeals that administrative confinement of prison inmates does not result in the evils associated with arrest as described in Marion. See United States v. Mills, 704 F.2d 1553 (11th Cir.1983), cert. denied, 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984); United States v. Duke, 527 F.2d 386 (5th Cir.), cert. denied, 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1190 (1976). The trial court, in the instant case, properly found that the administrative confinement did not trigger Florida's speedy trial rule.
We also find that there was no violation of the defendants' constitutional right to a speedy trial. Such a violation requires a showing of actual prejudice. See United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 *213 L.Ed.2d 101 (1972); Marion. The record supports the trial court's finding that the alleged prejudice was speculative and unsubstantiated.
Brown and Troy next argue that the trial court failed to conduct an inquiry into the state's alleged discovery violation in accordance with Richardson v. State, 246 So.2d 771 (Fla. 1971). Inmate Smith gave a statement to prison inspector Sands shortly after the murder. Smith later refused to testify at a defense deposition. The state obtained a taped statement from Smith approximately one week before trial, but did not inform the defense of the tape's existence until either Monday, the day of trial, or the preceding Friday. We held in Cooper v. State, 336 So.2d 1133, 1137-38 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977), that
[a]s the trial date nears, a prosecutor has the duty under Rule 3.220(f) to "promptly disclose" previously unidentified witnesses and material. A delay of days might be sufficiently prompt where several months remain before trial, but where a complex trial involving a human's life was scheduled to begin in one week, immediate disclosure is dictated by the Rule.
The defense sought to exclude Smith's trial testimony based on (1) Smith's refusal to testify at the deposition; and (2) the state's discovery violation. The court denied the request, stating that it felt compelled to allow Smith's testimony since the defense had not filed a motion to compel the deposition testimony. Without conducting a Richardson hearing into the discovery violation, the reason for the delay, or any resulting prejudice to the defense, the court postponed the testimony until the defense had an opportunity to hear the tape.

Richardson states that although the trial court has discretion in determining whether the state's noncompliance with the discovery rules resulted in harm or prejudice to the defendant, such discretion could be exercised only after the court made an adequate inquiry into all of the surrounding circumstances. At a minimum the scope of this inquiry should cover such questions as whether the state's violation was inadvertent or willful, whether the violation was trivial or substantial, and, most importantly, whether the violation affected the defendant's ability to prepare for trial. Cumbie v. State, 345 So.2d 1061, 1062 (Fla. 1977); Richardson, 246 So.2d at 775; Raffone v. State, 483 So.2d 761, 763 (Fla. 4th DCA), dismissed, 491 So.2d 281 (Fla. 1986); Whitfield [v. State], 479 So.2d at [208] 215; Gant v. State, 477 So.2d 17, 19 (Fla. 3d DCA 1985); Donahue v. State, 464 So.2d 609, 611 (Fla. 4th DCA 1985).
State v. Hall, 509 So.2d 1093, 1096 (Fla. 1987). It is clear that the court did not comply with Richardson. We have repeatedly held that a trial court's failure to conduct a Richardson inquiry is per se reversible. E.g., Hall; Smith v. State, 500 So.2d 125 (Fla. 1986); Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); Cooper v. State, 377 So.2d 1153 (Fla. 1979); Wilcox v. State, 367 So.2d 1020 (Fla. 1979); Cumbie.
Appellants' remaining arguments are meritless. Pursuant to Richardson and its progeny, we vacate Brown's and Troy's convictions and sentences, and remand for a new trial.
It is so ordered.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
GRIMES, J., concurs specially with an opinion, in which KOGAN, J., concurs.
McDONALD, C.J., dissents with an opinion.
GRIMES, Justice, specially concurring.
In response to a certified question, the Court in Smith v. State, 500 So.2d 125 (Fla. 1986), held that the trial court's failure to conduct a Richardson inquiry constitutes per se reversible error. Had I been on the Court at that time, I would have concluded that a Richardson violation is *214 subject to the harmless error analysis. We have now given a procedural error greater dignity than most constitutional errors, and there are some instances in which it is clear that a Richardson violation could have had no bearing on the outcome of the case.
Be that as it may, in this case I fully concur with reversal because it appears that appellants may have been prejudiced by the state's discovery violation. Even though Smith refused to testify at his deposition, the defense knew Smith had given an earlier statement to the state's investigator which did not inculpate the appellants but actually contradicted another state witness. The more recent taped statement, which was consistent with Smith's trial testimony, directly implicated the appellants in the murder. The prosecutor had the new statement for a week but, contrary to his obligation under the rules of discovery, did not tell the defense about it until after the trial had commenced. Under these circumstances, I cannot say that the court's failure to conduct a Richardson inquiry was harmless error beyond a reasonable doubt.
KOGAN, J., concurs.
McDONALD, Chief Justice, dissenting.
I would affirm. I think the trial judge's giving the defense use of the tape well before the witness testified was an ample safeguard.