SHARP, Chief Judge,
concurring specially.
Sikes appeals from his conviction for escape,[1] and his thirteen-month sentence. He was charged with escape in an information filed July 22, 1974. Prosecution finally commenced against Sikes in 1987. He argues and I agree, that his motion to dismiss based on the Florida speedy trial rule should have been granted.
The record establishes that Sikes was serving a sentence in Florida in 1974 when he escaped. Subsequently, he was located in the custody of prison authorities in Michigan. Florida sent Michigan a fugitive warrant seeking Sikes’ return to Florida, when he could be returned.
On September 3, 1980, Sikes waived extradition on the escape charge. Michigan released Sikes to a special agent of the Florida Department of Corrections, and he was returned to custody in Florida on December 14, 1980. Sikes remained in prison *460 in Florida until May 25, 1982, when he was paroled to Michigan.
While in Michigan Sikes violated his parole, and was returned to prison there on January 22, 1985. In 1985 Michigan released Sikes to the Florida Probation and Parole Commission, and he was returned to Florida as a parole violator on April 2, 1985. His Florida probation was revoked, and Sikes once again was committed to the custody of the Florida prison system. On April 27, 1987, the capias which related to the 1974 escape charge was served on Sikes and prosecution on this charge commenced.
Sikes contends (and the state presents no contrary argument) that the version of Florida’s speedy trial rule in effect in 1980 applies to this case because he was first returned to Florida on December 14, 1980. See Holmes v. Leffler, 411 So.2d 889, 891 (Fla. 5th DCA), rev. den., 419 So.2d 1200 (Fla.1982). Florida Rule of Criminal Procedure 3.191(a)(1) provided that the state must bring a defendant to trial, without a demand having been made, within one hundred eighty days, where the charge was a felony. Whether or not Sikes had to be returned to Florida’s custody specifically to face his escape charge in order to set the one hundred eighty days running[2] and thus establish a violation of Rule 3.191(a)(1), it is clear that under Rule 3.191(b)(1), which applied to prisoners in Florida, a violation occurred.
Rule 3.191(b)(1)[3] provided that the state had to bring a prisoner charged with a felony not involving violence to trial within one year. The one year time period began to run when the defendant was taken into custody as a result of the criminal conduct charged, or when the criminal charges were filed, whichever was earlier. This rule was subject to the requirement that a defendant be available for trial.[4]
Thus, Sikes should have been brought to trial by Florida, at the latest, within one year of his first return to this state. That one year period began to run on December 14, 1980. It was much too late in 1987 to prosecute this escape charge.

. 944.40, Fla.Stat. (1973).

. Jess v. State, 451 So.2d 1061 (Fla. 5th DCA 1984). But see, Little v. State, 459 So.2d 1165 (Fla. 3d DCA 1984).

. Florida Rule of Criminal Procedure 3.191(b)(1) provides:
(b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detain-er has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2).

.Florida Rule of Criminal Procedure 3.191(e).