## SMITHSON v STATE OF FLORIDA
### Case No. 87-220CF
Nineteenth Judicial Circuit, Martin County

September 18, 1989

### APPEARANCES OF COUNSEL

**Gregory Eisenmenger,** for appellant.

**Nita Denton,** for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

*ORDER ON MOTION FOR REHEARING*

On motion by appellant for rehearing and after consideration of the authorities cited, the motion is granted.

The Opinion of this court in the above case dated August 9, 1989 is withdrawn; the following Opinion is substituted:

*OPINION*

This is an appeal from a conviction and sentence in the County

Court of Martin County, Florida for the crime of driving under the influence of alcohol.

Appellant raises one point on appeal and contends that the trial judge erred in overruling his objection to alleged discovery violations without holding a "Richardson" hearing.

The relevant facts are as follows: Appellant was arrested and charged with driving under the influence of alcohol on October 4, 1986. He filed his demand for discovery on October 17, 1986, and answer to that demand was filed on October 30, 1986. On February 17, 1987, during hearing on appellant's motion to suppress evidence which was heard at time of trial, the State produced documents relating to the breath testing device that had not been previously disclosed to appellant. Those documents were registration certificates for the machine, a permit for the machine operator, and maintenance and accuracy test records for the machine. These were admitted into evidence after overruling of appellant's discovery violation objection. The trial judge did not conduct a hearing as directed by *Richardson v State,* 246 So.2d 771 (Fla. 1971). The results of the blood alcohol level test had been previously disclosed in discovery.

Careful examination of the record on appeal discloses that there was a violation of discovery mandated by Rule 3.220(a), Florida Rules of Criminal Procedure. That rule was designed to assist a defendant in his defense. In this case the accuracy test records, certificates, permits, and maintenance records of the breath testing device certainly are not major pieces of evidence and could aid the defendant in his defense only if they did not exist or showed the breath test results to be inadmissible. The result of the breath test was the damaging evidence, not the records concerning the testing device.

A "Richardson" hearing should have been conducted, and the failure to hold such a hearing appears to be harmless. The conviction and sentence would be affirmed if the harmless error doctrine applied to this case, however, that doctrine does not apply. Rather the progeny of *Richardson* impose a per se reversal rule for a failure to conduct the hearing as required by *Richardson.* For this reason the conviction and sentence are reversed, and the cause is remanded for a new trial. (See *Brown v State,* 515 So.2d 211 (Fla. 1987).)

DONE AND ORDERED this 18th day of September, 1989, in chambers.