PER CURIAM.
Harvey Lester appeals from a judgment of conviction for possession of cocaine and resisting an officer without violence. For the following reasons, we reverse.
Before trial, pursuant to Florida Rule of Criminal Procedure 3.220(b)(l)(ix), defense counsel requested any documents in the state’s possession relating to the search and seizure of defendant. The state responded that no such documents existed. *798 Thereafter, at trial the state sought to introduce a handwritten arrest affidavit setting forth the officer’s version of the incident. The officer had not signed the affidavit and had not submitted it to a magistrate.[1] The defense objected to the introduction of the document on the ground that the state had failed to disclose it. The trial court overruled the objection, and the document was admitted into evidence.
The trial court erred in failing to conduct any inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), upon learning that the state had committed a discovery violation. Although the trial court is vested with the discretion to determine whether failure to comply with the discovery rule results in harm or prejudice to the defendant, that discretion can only be exercised following a Richardson inquiry. State v. Hall, 509 So.2d 1093 (Fla.1987).
Accordingly, we reverse and remand for a new trial.

. In what can charitably be described as a questionable and unorthodox procedure, the defendant was arrested on the street, after the officer involved in the incident had posted a "B.O.L.O." notice on the police station’s bulletin board. In its brief and at oral argument, the state explained that the Homestead Police Department regularly uses this method to arrest suspects. According to the state, the method is approved by the Department’s Operations Handbook and saves the officer a trip to the Government Center in Cutler Ridge where the arrest warrant would be obtained from a magistrate. We condemn that procedure and suggest that the office of the Attorney General communicate our views to the local law enforcement officials.