JOANOS, Judge.
Richard Lee Brown has appealed his conviction and sentence for the offenses of burglary of a dwelling and grand theft. He contends the trial court failed to conduct an adequate Richardson hearing with regard to the state’s discovery violation. We reverse.
The record reflects that appellant filed a notice of discovery on July 25, 1989, requesting all information discoverable under *761 Florida Rule of Criminal Procedure 3.220. On August 2, 1989, the state filed an answer to the demand for discovery; on September 7, 1989, the state filed an amended answer, listing Bill Gallmon of the Gaines-ville Police Department as a state witness. The case was tried before a jury on October 18, 1989. In his opening statement, defense counsel advised the jury that he understood that William Gallmon, an investigator for the Gainesville Police Department, would testify that he had “no latents in his files at the Gainesville Police Department on Richard Lee Brown; that no la-tents mean no fingerprints of any kind.”
During the luncheon recess, in the absence of the jury, defense counsel advised the trial court of his objection to Detective Gallmon’s proposed testimony. Counsel advised the court that in off-the-record discussions with the state, he had learned the morning of trial that Detective Gallmon would testify that prints he had taken of the defendant the morning of trial matched latent prints taken at the crime scene. Defense counsel stated that when he received notice that Detective Gallmon would be a state witness, he subpoenaed him for a deposition on October 13, 1989. The detective did not appear, and when contacted by telephone, he advised defense counsel that he had no latents on file at the police department for the defendant Richard Lee Brown. On the morning of trial, defense counsel was advised that the detective would testify as to prints he had taken from Brown that morning. Counsel stated that he had been misled by the witness as to what his testimony would be, and as a result he excused the detective’s failure to appear for his deposition.
The assistant state attorney acknowledged that there had been some miscom-munication between defense counsel and Detective Gallmon with regard to what the detective had in the way of evidence, but argued that the defense was informed that the state would call Detective Gallmon as a witness and was furnished a report that there were latent prints taken in connection with the case. The assistant state attorney urged that any error made by the defense in excusing Detective Gallmon ought not count against the state, because the state had always intended to call the detective as a witness.
The trial court expressed “some dismay” about the matter. The court found that the public defender’s office had proceeded appropriately, but did have information that Detective Gallmon would testify. Therefore, the trial court found no Brady violation, and overruled defense counsel’s objections to Detective Gallmon’s testimony. Detective Gallmon was then qualified as an expert witness qualified to compare latent fingerprints. The detective identified state’s exhibits M and N as inked palm prints of appellant Richard Lee Brown, stating he had taken the prints that morning. Detective Gallmon testified that one of the latent prints lifted from the burglary crime scene matched the right palm print of appellant that he [Detective Gallmon] had taken the morning of trial.
At the close of the state’s case, defense counsel moved for mistrial due to the alleged discovery violation and Detective Gallmon’s act of taking appellant’s prints the morning of trial for comparison with prints found at the crime scene. The motion for mistrial was denied, and the jury returned a verdict of guilty as to both counts.
Pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), an appellate court must reverse a conviction if non-compliance with a rule of procedure results in harm or prejudice to the defendant due to the state’s failure to furnish the names of witnesses or material to be used at trial. A determination as to the possible prejudice to the defendant is a matter within the trial court’s discretion. However, that discretion can be exercised only after an adequate inquiry into all of the surrounding circumstances. Brown v. State, 515 So.2d 211, 213 (Fla.1987); Richardson, 246 So.2d at 775; Hatcher v. State, 568 So.2d 472, 474 (Fla. 1st DCA 1990). The purpose of a Richardson inquiry is to ascertain procedural, rather than substantive, prejudice. Wilcox v. State, 367 So.2d 1020, 1023 (Fla.1979); Hatcher, 568 So.2d at 474. Further, *762 “a trial court’s failure to conduct a Richardson inquiry is per se reversible.” Brown, 515 So.2d at 213. This is because a reviewing court cannot determine whether the discovery violation was harmless unless the defendant is afforded an opportunity to show prejudice or harm. Smith v. State, 500 So.2d 125, 126 (Fla.1986).
The circumstances of the alleged discovery violation in the instant case are somewhat analogous to Cumbie v. State, 345 So.2d 1061 (Fla.1977). In Cumbie, the state disclosed that two police officers would be called as witnesses at trial. However, statements made by the defendant were not disclosed during the officers’ depositions. Instead, one officer stated at deposition that the defendant had not made any statements. Since defense counsel had no reason to suspect that any statements had been made, he did not question the other officer concerning possible statements. The trial court found a violation of the discovery rules, but allowed the officers to testify concerning the statements, because the statements had been made by the defendant. The court reversed, finding the trial court’s investigation regarding possible prejudice was not the full inquiry required by Richardson, and the mere fact that the statements were attributed to the defendant did not relieve the state of its duty to disclose.
Detective Gallmon’s representation to defense counsel that there were no prints of appellant is the functional equivalent of the officer’s false response in Cumbie. This view of the evidence is bolstered by the prosecutor’s admission that Gallmon was guilty of a miscommunication with regard to “what he had or didn’t have” with respect to prints. Further, Gallmon’s trial testimony concerned a match between prints he had taken of appellant on the morning of trial and prints taken at the crime scene, as opposed to the prints which the prosecutor stated were listed as a match in Gallmon’s report. Since appellant’s theory of defense was that the state’s evidence did not connect him to the crime, the palm prints taken on the morning of trial which purportedly matched prints taken at the crime scene effectively eviscerated his defense.
A Richardson hearing into an alleged discovery violation contemplates—
an adequate inquiry into all of the surrounding circumstances. At a minimum the scope of this inquiry should cover such questions as whether the state’s violation was inadvertent or willful, whether the violation was trivial or substantial, and, most importantly, whether the violation affected the defendant’s ability to prepare for trial, (citations omitted)
State v. Hall, 509 So.2d 1093, 1096 (Fla.1987). See also Brown v. State, 515 So.2d at 213. Since the trial court’s inquiry in this case did not comply with Richardson, and the Florida Supreme Court has held that failure to conduct a proper Richardson inquiry is reversible error, see Brown v. State, 515 So.2d at 213, and cases cited therein, we must reverse.
Accordingly, Brown’s conviction and sentence are reversed and the case is remanded for new trial.
ZEHMER, J., and CAWTHON, Senior Judge, concur.