BASKIN, Judge
(dissenting).
The prosecutor’s failure to disclose to the defense the results of the palm print comparisons constitutes a discovery violation. State v. Hall, 509 So.2d 1093 (Fla.1987); Fla.R.Crim.P. 3.220(b)(l)(x). Defendant brought the violation to the court’s attention. Raffone v. State, 483 So.2d 761, 764 (Fla. 4th DCA), cause dismissed, 491 So.2d 281 (Fla.1986). The trial court’s failure to conduct an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), concerning the alleged discovery violation is per se reversible error. Brown v. State, 515 So.2d 211 (Fla.1987). A trial court may not exercise its discretion to determine whether the state’s discovery violation has harmed or prejudiced the defendant without first conducting an inquiry into all the surrounding circumstances. State v. Hall, 509 So.2d at 1096; Lester v. State, 565 So.2d 797 (Fla. 3d DCA 1990). The majority finds no prejudice to the defendant; however, it is not within the province of the appellate court to “determine whether the error is harmless without giving the defendant the opportunity to show prejudice or harm.” Smith v. State, 500 So.2d 125, 126 (Fla.1986). For these reasons, I would reverse and remand for a new trial.