DOWNEY, Judge.
This is an appeal from a conviction of corruption by threat against a public servant and of improper exhibition of a firearm.
Four appellate points have been presented, only one of which we find meritorious. That point has to do with an alleged Richardson[1] violation.
As a result of appellant’s request for discovery, the state advised that appellant had made oral statements to two police officers. By amended answer, the state set forth the substance of the alleged statements, one of which stated that, after being arrested, appellant said to an officer “that all he (defendant) would have to do is make one phone call and the ‘Disciples’ would come down and get them.” The other statement was to the effect that he would “call his cousin and have him come down from Chicago and ‘spray’ the officers.”
At trial one officer testified that appellant threatened him, saying “That’s okay. I can get more guns. I will kill you if you arrest me. All you pigs are going to die.” Another officer testified that appellant said, “If you arrest me, I can get my hands on another gun and come back and shoot you.”
Appellant objected, moved for mistrial and requested a Richardson hearing, all of which were denied, apparently due to the trial court’s feeling that there wasn’t any appreciable difference in the two sets of statements and that, as suggested by the prosecutor, it would suffice to let the appellant impeach the officers with the prior statements. We disagree entirely and hold there was a clear Richardson violation mandating a hearing thereon. Denial of the request was per se reversible error. Brown v. State, 515 So.2d 211 (Fla.1987).
Accordingly, the judgment of conviction and sentence are reversed and the cause is remanded for a new trial.
WARNER, J., concurs.
FARMER, J., dissents with opinion.

. Richardson v. State, 246 So.2d 771 (Fla.1971).