BOOTH, Judge.
This cause is before us on appeal from a judgment and sentence for sale of cocaine while armed and possession of cocaine while armed. Appellant argues, inter alia, that the trial court committed per se reversible error in failing to conduct a hearing pursuant to Florida Rule of Criminal *346 Procedure 3.220 and Richardson v. State, 246 So.2d 771 (Fla.1971), as to the State’s failure to disclose a report from an expert in the Florida Department of Law Enforcement revealing that the firearm used in the commission of the charged offenses was inoperable.
On April 15, 1989, Detectives Johnson and Webster drove in an unmarked vehicle to the Havana Club in Jacksonville to make undercover purchases of cocaine and arrests. After they stopped in front of the club, a black male approached Webster on the driver’s side and began negotiating a sale of cocaine. As Webster made a purchase, appellant approached Johnson, who was seated on the passenger side, and asked whether he wanted to purchase cocaine. Before this transaction could be completed, other officers arrived in backup vehicles to arrest both men. As the officers apprehended appellant, appellant flicked to the ground a matchbox he had in his hand and reached into the waistband of his pants and pulled out a pistol. Appellant momentarily pointed the pistol at an officer and then dropped it. The matchbox was later determined to contain cocaine.
By a five-count information filed April 27, 1989, appellant was charged with sale of cocaine while armed with a firearm, possession of cocaine while armed with a firearm, use of a firearm during commission of a felony, carrying a concealed firearm, and possession of a firearm by a convicted felon. Appellant filed a demand for discovery seeking “reports or statements of experts made in connection with the particular case” and “any material information within the State’s possession or control which tends to negate the guilt of the accused as to the offense charged.” The State, in its response, gave notice of its intention to use deposition testimony but otherwise indicated “none known to the State at this time.” Prior to trial, appellant’s counsel, in the presence of the prosecutor, inspected the pistol and saw that the pistol’s firing mechanism, including its firing pin, was missing.
The day before trial, a Florida Department of Law Enforcement (FDLE) analyst completed a report stating that the pistol was inoperable because it was missing its firing mechanism.[1] The FDLE analyst informed the prosecutor that the pistol was nonfunctional; however, the prosecutor did not receive a copy of the report until sometime after the commencement of trial.
The case proceeded to trial on August 3, 1989. During closing argument, appellant’s counsel argued that the pistol’s firing mechanism was missing and that, accordingly, the State had offered insufficient proof that the pistol met the statutory definition of firearm. The jury found appellant guilty of sale of cocaine while armed and possession of cocaine while armed, but acquitted him as to the remaining counts.[2]
After the verdict but before sentencing, the prosecutor furnished appellant’s counsel with a copy of the report. Appellant, by motion, sought a Richardson hearing and a new trial, arguing that the State’s failure to disclose the report had prejudiced him in the preparation of his defense, in that had he known of the report, he could have made an effort to determine whether the FDLE expert believed the pistol to be a firearm and could have argued to the jury more effectively that the pistol was not a firearm or weapon. Appellant did not contend that the State’s failure to disclose the report was intentional.
The failure to hold a Richardson hearing is per se reversible error where a discovery violation has occurred. Brown v. State, 515 So.2d 211, 213 (Fla.1987); Smith v. State, 500 So.2d 125, 126 (Fla.1986). Assuming that there was a “discovery violation” here, the trial court’s inquiry was sufficient under Richardson. Richardson requires that the trial court inquire into whether the State’s discovery violation was inadvertent or willful, whether the violation *347 was trivial or substantial, and, most importantly, whether the violation affected the defendant's ability to prepare for trial. State v. Hall, 509 So.2d 1093, 1096 (Fla.1987); Cumbie v. State, 345 So.2d 1061, 1062 (Fla.1977); Richardson, supra at 775. The trial court’s inquiry into and resolution of these issues is supported by the record. There was no contention that nondisclosure was willful, and the discovery violation, if any, was insubstantial in view of appellant’s counsel’s knowledge that the pistol was inoperable, lack of prejudice in preparation of the defense, and the fact that the jury acquitted appellant of every offense involving the use or possession of a firearm.
Appellant’s remaining points concerning the constitutionality and applicability of the habitual felony offender statute also lack merit.
The judgment and sentence are AFFIRMED.
SMITH, J., concurs.
ZEHMER, J., specially concurs with opinion.

. Specifically, the FDLE report states the pistol was missing its striker (firing pin), striker spring, take-down plunger/lock, sear, sear spring, and sear connector.

. Appellant was acquitted of sale of cocaine while armed with a firearm and possession of cocaine while armed with a firearm.