843 So.2d 328 (2003)
Stevie A. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3636.
District Court of Appeal of Florida, First District.
April 16, 2003.
*329 Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal, filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the appellant challenges his third-degree felony conviction for workers' compensation fraud and the sentence imposed thereupon. Specifically, the appellant seeks review of the preserved and dispositive issue of the trial court's denial of the appellant's motion for discharge under the speedy trial rule. See Fla. R.Crim. P. 3.191. Because we conclude that the trial court erred when it denied the motion for discharge, we reverse the appellant's conviction and sentence.
While the appellant was serving an unrelated prison sentence in Bay County, the Gadsden County trial court found probable cause to issue a warrant for the appellant's arrest on charges of workers' compensation fraud. An investigator from the Department of Insurance traveled to Bay County and served the arrest warrant on the incarcerated appellant. The investigator then read the appellant his Miranda rights, after which the appellant elected not to speak. Because the appellant would not talk to the investigator, she left the warrant with the appellant's prison counselor and left the prison without fingerprinting or booking the appellant. The *330 investigator never actually filed the arrest paperwork.
When the appropriate time passed without further prosecution, the appellant filed a notice of expiration of speedy trial period and moved for discharge. The appellant's motion for discharge was denied on the basis that the investigator's actions did not constitute an arrest. The appellant also filed a petition for writ of prohibition with this Court. Although the appellant's petition was denied on procedural grounds, see Brown v. State, 795 So.2d 178 (Fla. 1st DCA 2001), the denial of a petition for writ of prohibition in which a speedy trial claim is raised does not prevent the claim from being raised on direct appeal. See Cappetta v. State, 471 So.2d 1290, 1291 (Fla. 3d DCA 1985), review den. 480 So.2d 1296 (Fla.1985).
The trial court's ruling presents mixed questions of law and fact. Therefore, the trial court's ultimate ruling is subjected to de novo review, but the court's factual findings must be sustained if supported by competent substantial evidence. See State v. Glatzmayer, 789 So.2d 297, 301 (Fla.2001). Applying this standard, we conclude that the appellant was indeed arrested on May 18, 2000, and that his motion for discharge should have been granted.
Florida's speedy trial rule is triggered when a person is arrested as a result of the criminal conduct which gave rise to the crime charged. See Fla. R.Crim. P. 3.191(a)(4). Formalities such as booking and fingerprinting are not necessary to begin the speedy trial clock. See Williams v. State, 757 So.2d 597, 598 (Fla. 5th DCA 2000). In fact, only four elements are necessary for an arrest to trigger the speedy trial rule. See Brown v. State, 515 So.2d 211, 212 (Fla.1987).
First, the arresting agent must have intended to effect an arrest under a real or pretended authority. Id. In this case, the investigator conceded that she has arrest powers and that she intended to arrest the appellant. Second, the arresting agent must have actually or constructively seized or detained the person to be arrested. Id. We conclude that the appellant was constructively detained because, although the appellant's actual custody remained vested in the Department of Corrections, the appellant had no option but to submit to the investigator's visit and to accept the arrest warrant from her. Third, the arresting agent must have communicated to the person being arrested an intent to arrest the person. Id. Again, the investigator conceded that she told the appellant that she was there to serve an arrest warrant. Finally, the fourth requirement is that the person being arrested must have understood that it was the intention of the arresting agent to arrest and detain him then and there. Id. The appellant testified that he did believe that he had been arrested. All four prongs of the Brown test have been met. Therefore, we hold that the appellant's speedy trial clock began to run when the investigator served the arrest warrant on him in the prison. See also, e.g., State v. Fives, 409 So.2d 221, 221 (Fla. 4th DCA 1982).
Because the appellant was not brought to trial in a timely fashion, the appellant's motion for discharge should have been granted and his discharge ordered. We accordingly reverse the appellant's conviction and sentence.
REVERSED and REMANDED.
BARFIELD, WOLF and DAVIS, JJ., CONCUR.