865 So.2d 555 (2003)
Anthony WINTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-5132.
District Court of Appeal of Florida, First District.
December 29, 2003.
Rehearing Denied February 19, 2004.
*556 Nancy A. Daniels, Public Defender; Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, J.
In this direct appeal from convictions and sentences imposed pursuant to a plea agreement, we review Appellant's claim that the trial court erred by denying his motion for discharge pursuant to the speedy trial rule. We reverse Appellant's convictions and remand this cause with instructions to the trial court to discharge him from these crimes. See Fla. R.Crim. P. 3.191.
Appellant was arrested and taken into custody for conduct giving rise to the crimes charged. Shortly thereafter, the Office of Statewide Prosecutor (OSP) filed an information charging Appellant with those crimes, after which Appellant was tried and convicted. On direct appeal, we reversed Appellant's convictions on the basis that the OSP never had jurisdiction to try Appellant due to the local nature of his alleged offenses. See Winter v. State, 781 So.2d 1111, 1116 (Fla. 1st DCA 2001).
Florida Rule of Criminal Procedure 3.191(m) states that a person who is to be tried again shall be brought to trial within 90 days of the trial court's receipt of the appellate court mandate making that new trial possible. Although Appellant's notice of the expiration of the 90-day re-trial time was filed 161 days after our mandate issued, the trial court struck Appellant's notice as premature and denied his motion for discharge. According to the trial court, Appellant's speedy trial time did not begin to run until a valid information was filed by a prosecuting authority with proven jurisdiction over the case and, therefore, this Court's mandate reversing Appellant's original convictions did not entitle Appellant to be re-tried within 90 days therefrom. The trial court erred.
Appellant's speedy trial clock began to tick on the day that he was arrested for the conduct giving rise to the crimes with which he was chargednot the day a valid information was filed against him. See Fla. R.Crim. P. 3.191(a) & (d)(1); see also *557 Brown v. State, 843 So.2d 328, 329 (Fla. 1st DCA 2003). Therefore, Appellant's new trial should have commenced within 90 days of the trial court's receipt of our mandate. See Fla. R.Crim. P. 3.191(m).[1] Because the State sought no extensions of the 90-day re-trial time prior to its expiration and because the trial court did not find that the delay was due to Appellant's actions or his unavailability for trial, Appellant is entitled to discharge. See Fla. R.Crim. P. 3.191(i)-(m) & (p).
Accordingly, we reverse Appellant's judgment and sentence and remand this cause to the trial court with instructions to vacate Appellant's convictions and to discharge him from these crimes.
REVERSED; REMANDED WITH INSTRUCTIONS.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] We do not address the State's assertion that Appellant's waiver below divested Appellant of his post-appeal 90-day re-trial right because, on the facts of this case, there was no waiver below. The appellant sought continuances only after the OSP filed its information attempting to assert jurisdiction. Because the OSP did not have jurisdiction, everything that happened from the moment it filed its fatally defective information became a nullity, including Appellant's requests for continuances.