CLARK, J.
By petition for writ of prohibition, Richard Scott Hill alleges that his speedy trial rights have been violated, and seeks discharge from the charges for which he is currently facing prosecution in Duval County. We agree that the petitioner is entitled to a discharge based upon the speedy trial rule, and grant the petition.
On charges unrelated to the instant proceeding, the petitioner was arrested and taken into custody in St. Johns County on May 8, 2011. Subsequently, on May 11, 2011, several warrants issued in Duval County for the petitioner’s arrest on five new counts, including armed burglary, dealing in stolen property, and possession of a firearm by a convicted felon. The warrants included appearance bonds on each of the five counts, and were signed by a Duval County judge. Overnight on May 11, 2011, the Jacksonville Sheriffs Office (JSO) sent a series of electronic communications to the St. Johns County Sheriffs Office (SJCSO), first apprising the SJCSO of the Duval County warrants, then stating “if subject bonds out please forward all bonds to the Jacksonville Pre-Trial Detention Facility,” and concluding, “please advise when subject is arrested on our charge and a detainer has been placed.” In the early morning hours of May 12, 2011, a SJCSO Deputy Sheriff stamped these communications as follows: “Arrest date: 5/12/11, Time: 0156, Place of Arrest: SJSO,” and went on to list the Deputy Sheriffs name and ID number. As a result of these events, the following morning, May 12, 2011, the petitioner was taken before St. Johns County Judge Charles Tinlin for a first appearance hearing on the Duval County charges only. At this hearing, the trial court began:
Richard Scott Hill. All right. Mr. Hill, you have been charged with burglary of a conveyance out of Duval County, possession of firearm out of Duval County by a convicted felon, dealing in stolen property, another charge of burglary, another attempted burglary and another charge of burglary. These are all out of Duval County, and I know you have got some local charges here.
The trial court went on to read out the bond amounts for each of the Duval Coun *928 ty charges. Judge Tinlin asked petitioner, “I appointed the public defender to represent you before, didn’t I, sir?” to which petitioner responded, “Yes, sir.” Judge Tinlin concluded,
All right. Public Defender will be appointed and we will notify Duval County you have been picked up on these charges. You will be given credit for any time you spend in our jail awaiting pick up so starting today or yesterday when you were arrested you will get that credit when you appear before the Duval County Judge.
Following this first appearance hearing, no action was taken on the Duval County charges for over a year. On June 27, 2012, the petitioner filed a pro se notice of expiration of speedy trial time for those charges. No further action was taken on the Duval County charges until July 27, 2012, when the petitioner was finally formally charged via information with those offenses. Counsel for the petitioner later filed a motion for discharge on speedy trial grounds, and the lower tribunal denied that motion.
In the instant petition, the petitioner asserts that he was arrested on the Duval County charges on May 12, 2011, when he was brought before Judge Tinlin for a first appearance hearing on those charges. He was required to be brought to trial within 175 days of that date absent a waiver, as required by Florida Rule of Criminal Procedure 3.191(a). The petitioner was placed “in custody” on May 12, 2011, because he was “arrested as a result of the conduct or criminal episode that gave rise to the crime charged.” Fla. R. Crim. P. 3.191(d)(1). Accordingly, he was required to be brought to trial on or before November 3, 2011. Petitioner argues that because he was not brought to trial within 10 days following the notice of expiration of speedy trial time, he must be “forever discharged from the crime.” Fla. R. Crim. P. 3.191(p)(3).
In opposition to the petition, the state argues that the petitioner was not actually “in custody” on the Duval County charges on May 12, 2011, and that the proceedings held in St. Johns County on that date constituted a mere “detainer” or “hold.” Such a “detainer” or “hold” does not constitute “custody” for purposes of starting the speedy trial clock. See generally State v. Bassham, 352 So.2d 55 (Fla.1977); State v. Davis, 458 So.2d 868 (Fla. 4th DCA 1984); O’Bryan v. State, 326 So.2d 83 (Fla. 1st DCA 1976). The state further argues that the events of May 11 and 12, 2011, do not amount to an “arrest” because the petitioner was not booked on those charges and the Duval County warrants were not served on the petitioner. The state is correct that a mere “detainer” or “hold” does not amount to an arrest. Here, however, what occurred rose beyond a “detainer” or “hold” to an actual arrest for purposes of the speedy trial rule.
Formal service of a warrant is not required to effectuate an arrest. See, e.g., Trainer v. Broome, 666 So.2d 1019 (Fla. 4th DCA 1996) (finding an arrest where a defendant was booked and received a first appearance hearing and the authorities had knowledge of his whereabouts, although formal warrants were not served on the defendant until much later in time); Little v. State, 459 So.2d 1165, 1166 (Fla. 3d DCA 1984) (noting that “[t]here is no requirement under [Rule 3.191] that an arrest is not effective until a formal warrant ... is subsequently served upon the defendant”). Furthermore, “[fjormalities such as booking and fingerprinting are not necessary to begin the speedy trial clock.... In fact, only four elements are necessary for an arrest to trigger the speedy trial rule.” Brown v. State, 843 So.2d 328, 330 (Fla. 1st DCA *929 2003) (citing Williams v. State, 757 So.2d 597, 598 (Fla. 5th DCA 2000) and Brown v. State, 515 So.2d 211, 212 (Fla.1987)). These four elements are: (1) that the “arresting agent must have intended to effect an arrest under a real or pretended authority,” (2) that the agent “actually or constructively seized or detained the person to be arrested,” (3) that the arresting agent “communicated to the person being arrested an intent to arrest the person,” and (4) that “the person being arrested ... understood that it was the intention of the arresting agent to arrest and detain him then and there.” Brown, 843 So.2d at 330 (citing Brown, 515 So.2d at 212).
All four factors are met in this case. Here, via its overnight communication to the SJCSO on May 11, 2011, the JSO indicated, “please advise when subject is arrested on our charge and a detainer has been placed.” Shortly thereafter, a St. Johns Sheriffs Deputy stamped these communications with the date and time of arrest, the place of the arrest (the SJCSO), and the deputy’s own name. Thus, even though the JSO’s electronic communication referenced both an arrest and a detainer, the SJCSO Deputy Sheriff’s remarks indicated an intent to effectuate an arrest based upon the Duval County charges. The state argues that the Deputy Sheriff entered this data mistakenly and did not actually intend to express an intent to place the petitioner under arrest on the Duval County charges. The record, however, is totally devoid of any evidence that the St. Johns County Deputy Sheriff lacked an intent to arrest the petitioner. Indeed, the only evidence in the record— specifically, the sheriffs having affirmatively stamped and filled out the forms with the date, time, and location “of arrest” — is that the Deputy Sheriff intended to place the petitioner under arrest on the Duval County charges.
Furthermore, the hearing held before Judge Tinlin also met this factor. Judicial officers of this state are conservators of the peace with actual authority to effectuate arrests. See Fla. Const, art. V, § 19; Fla. Stat. § 901.01 (“[e]ach state judicial officer is a conservator of the peace and has committing authority to issue warrants of arrest, commit offenders to jail, and recognize them to appear to answer the charge”). At the first appearance hearing, Judge Tinlin apprised the petitioner of the Duval County counts, stated “you have been picked up on these charges,” and announced bond amounts on each count, thus communicating an intent to detain the petitioner specifically with regard to the Duval County charges. The first appearance hearing, at which a bond was set on the Duval County charges, amounted to an actual or constructive seizure or detention. The intent to arrest the petitioner was communicated very clearly to the petitioner via Judge Tinlin’s statements during that proceeding when he advised the petitioner that he had been “picked up on” the Duval County charges, the public defender would be appointed to represent him on those charges, and he would receive jail credit “starting today or yesterday when you were arrested.” The petitioner understood these statements to mean that it was the intent of that agent “to arrest and detain him then and there.” Brown, 843 So.2d at 330.
The state asserts that the first appearance hearing was held erroneously and that it was therefore a nullity. Thus, the first appearance hearing cannot be considered in satisfaction of the Brown factors. Even assuming arguendo that the hearing was held in error, we cannot agree that it constituted a nullity for that reason. Whether the hearing was held mistakenly or not does not negate the fact that the hearing met the four Brown factors. *930 What is more, the simple fact that a first appearance hearing was held here lends additional support to the petitioner’s argument that this was an arrest, not a mere detainer or hold. “Except when previously released in a lawful manner, every arrested •person shall be taken before a judicial officer ... within 24 hours of arrest.” Fla. R. Crim. P. 3.130(a) (governing first appearance hearings). The totality of the factors shown here, taken together, indicate that the petitioner was “in custody” on the Duval County charges for purposes of the speedy trial rule as of May 12, 2011, and he was thus required to be brought to trial within 175 days of that date. This indisputably did not happen.
“Prohibition is the appropriate remedy to prevent a trial court from proceeding against an accused after the erroneous denial of a motion for discharge based on a violation of the speedy trial rule.” Cespedes v. State, 17 So.3d 302, 303 (Fla. 4th DCA 2009) (citing Walden v. State, 979 So.2d 1206 (Fla. 4th DCA 2008)). For felony charges, “every person charged with a crime shall be brought to trial ... within 175 days” of arrest. Fla. R. Crim. P. 3.191(a). As discussed swpra, the petitioner was arrested for purposes of this rule on May 12, 2011, and was accordingly required to be brought to trial on or before November 3, 2011. He was not brought to trial on or before that date. He filed a Notice of Expiration of Speedy Trial Time on June 27, 2012. The court failed to hold a hearing thereupon within 5 days as required by Florida Rule of Criminal Procedure 3.191(p)(3). Petitioner was also not brought to trial within 10 days of that date as required by the same provision. “A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.” Fla. R. Crim. P. 3.191(p)(3) (emphasis added). The mandatory language of this rule requires the petitioner’s discharge from the Duval County crimes.
PETITION GRANTED.
THOMAS and ROBERTS, JJ., concur.