PER CURIAM.
Appellant, Erica Butler, seeks a new trial because of a discovery violation. We reverse and remand for a new trial.
She was charged with trafficking in cocaine. After her arrest, she agreed to cooperate with the police. As part of her cooperation, she signed an affidavit that the police used to obtain a search warrant.
Before trial, defense counsel sought discovery which included statements made by appellant. The state’s response indicated that appellant had not made any statements. After jury selection, for the first time the state showed defense counsel the search warrant and appellant’s supporting affidavit. At the conclusion of a brief discussion, the trial court remarked, “I don’t see any prejudice if [defense counsel] knew about [the search warrant].”
After appellant testified, the state used the contents of the affidavit to cross examine her. That cross examination essentially destroyed her defense. The jury convicted her as charged.
Once a discovery violation occurs, a trial court must conduct a hearing as to the circumstances of the violation and its potential prejudice to the defendant. Richardson v. State, 246 So.2d 771 (Fla.1971). That hearing must address three separate issues: (1) was the discovery violation willful or inadvertent, (2) was it trivial or substantial, and (3) was the defendant’s ability to prepare for trial prejudiced by the violation. State v. Hall, 509 So.2d 1093 (Fla.1987).
Because we cannot tell from the record whether the discovery violation was willful or inadvertent, we conclude that the trial judge did not adequately address that issue. Because the discovery violation concerned a statement of appellant, we conclude that the state’s failure to disclose the statement was a substantial violation. Because the discovery violation affected how appellant defended herself, we conclude that the state’s failure to disclose prejudiced appellant’s ability to prepare for trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
HERSEY, GUNTHER and GARRETT, JJ., concur.